■ DEBRA ARNO et al., Appellants, v JOHN E. KENNEDY et al., Respondents — Order unanimously modified and, as modified, affirmed, with costs, to plaintiffs, in accordance with the following memorandum: Plaintiffs appeal from so much of an order of the Supreme Court, Erie County, as precluded the use of medical bills for psychiatric care as a qualifying basis for a " '[s]erious injury' " under section 671 (subd 4, par [b]) of the Insurance Law. The underlying personal injury claim arose out of an accident that occurred on August 9, 1974 when an automobile driven by defendant John E. Kennedy left the roadway, struck Linda Arno who was seated on a bicycle on the shoulder of the road and caused plaintiff Debra Arno to be knocked or propelled into a ditch on the side of the road when struck from behind by either her sister's body, or the bicycle, or both. Linda Arno, then 16 years of age, was killed; Debra sustained only minor physical injuries but allegedly suffered psychiatric injury and trauma of a permanent nature. At the time of this accident, a cause of action for damages could be brought only if a person had sustained a " '[s]erious injury' ", which was defined under subdivision 4 of section 671 of the Insurance Law (commonly referred to as the No-Fault Law). Special Term permitted plaintiffs to amend their complaint to allege serious injury within the purview of the statute and left the question as to whether plaintiff sustained a serious injury as defined by section 671 (subd 4, par [a]) of the Insurance Law for resolution by the jury as a question of fact. There is no appeal from this part of the order. The court, however, held that expenses for psychiatric treatment could not be taken into account to meet the $500 monetary threshold requirement then in effect under section 671 (subd 4, par [b]) of the Insurance Law and granted defendants' motion to disallow the use of medical bills for psychiatric treatment as a qualifying basis for a serious injury under the no-fault law. On our examination of the record we find no reasonable basis upon which Special Term could preclude the use of medical bills submitted by the psychiatrist, Dr. Giordano, for the infant plaintiff's medical treatment. Bills of a psychiatrist for medical services are properly includable in the threshold figure of $500 set forth in section 671 (subd 4, par [b]) of the Insurance Law (*Harris v St. Johnsbury Trucking Co.,* 57 AD2d 127; *Abbasi v Galluzzo,* 88 Misc 2d 926). The affidavit of Dr. Giordano clearly states that he has treated the infant plaintiff Debra Arno for a posttraumatic stress disorder which she suffered as a result of the accident of August 9, 1974 and "Anticipated further medical treatment, together with my charges to date, will exceed $500.00." The exact nature of the psychiatric services rendered by Dr. Giordano presents an additional threshold issue under the No-Fault Insurance Law which should be submitted to the jury as a question requiring a special finding (*Sanders v Rickard,* 51 AD2d 260, 263-264). (Appeal from order of Supreme Court, Erie County, Wolf, J. — dismiss complaint.) Present — Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.