■ Brian J. Murphy, Respondent, v Eric J. Hasenflue, Appellant. [604 NYS2d 306] —Crew III, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered July 17, 1992 in Ulster County, upon a verdict rendered in favor of plaintiff.

Following a motor vehicle accident in which plaintiff's car was struck from behind by defendant's vehicle, plaintiff commenced this action. Defendant conceded liability and the matter was tried before a jury on the issues of serious injury and damages. At the conclusion of proof as to serious injury, plaintiff moved for judgment, Supreme Court directed a verdict in plaintiff's favor and the jury awarded damages. Defendant appeals and we reverse.

It is well settled that judgment pursuant to CPLR 4401 is inappropriate unless the trier of fact could not find for the party opposing the motion by any rational process (see, Walden v Otis El. Co., 178 AD2d 878, lv denied 79 NY2d 758). Insofar as is relevant to this appeal, serious injury is a personal injury which results in the permanent consequential limitation of use of a body organ or member, or significant limitation of use of a body function or system (see, Insurance Law § 5102 [d]). Permanent pain must be related to an objective underlying injury (see, Scheer v Koubek, 70 NY2d 678),

and a mild limitation of use does not satisfy the threshold requirements of the statute *(see, Licari v Elliot,* 57 NY2d 230, 236).

There is no doubt that plaintiff established a prima facie case. Nancy Decker, a chiropractor, testified that plaintiff suffered from, *inter alia,* muscle spasms, nerve root irritation and cervical brachial radiculitis and, additionally, had limited neck motion. Decker concluded therefrom that plaintiff had sustained a permanent consequential limitation of the neck and back. Decker's findings, however, were disputed by Richard Moscowitz, who examined plaintiff at the behest of defendant. Moscowitz testified that Decker's finding of muscle spasm, hypolordosis and straightening of the spine lacked supportive diagnostic tests. He repeatedly asserted that no objective evidence of plaintiff's complaints existed and was of the opinion that plaintiff's injury was very mild and not functionally disabling. Given this conflicting testimony, a jury could have rationally determined that plaintiff did not sustain a serious injury and the grant of the motion for a directed verdict was, therefore, wholly inappropriate *(see, Walden v Otis El. Co., supra).*

Weiss, P. J., Yesawich Jr., White and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.