■ NOREEN SPINRAD et al., Respondents, v GEORGE GASSER, as Treasurer of the County of Saratoga and as Administrator of the Estate of KENNETH A. SCHLEICH, Deceased, Appellant. [652 NYS2d 156] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Mycek, J.), entered January 10, 1996 in Saratoga County, which awarded plaintiffs damages for personal injuries, and (2) from the judgment entered thereon.

This action has its origin in an automobile accident in which a car driven by plaintiff Noreen Spinrad (hereinafter plaintiff) and a motorcycle operated by defendant's decedent collided. As a result of the collision, the back portion of plaintiff's car was sheared off, and her young son, who had been riding in a child restraint in the back seat, was ejected from the vehicle and killed. Plaintiff sued to recover damages for physical and psychological injuries she suffered from the accident itself and from witnessing her son's traumatic death; her husband asserts a derivative claim for loss of consortium.

When more than six months elapsed and defendant had yet to appear or serve an answer to the complaint, plaintiffs obtained a default judgment on the issue of liability. Defendant's motion to vacate that judgment was denied and an inquest was held, after which plaintiffs were awarded a total of $768,000 in damages. Defendant appeals.

We affirm. Even if defendant's prior appeal from the order denying his motion to vacate the default, which was withdrawn and discontinued after plaintiffs sought dismissal for failure to

prosecute, does not preclude review of that decision at this juncture (*but see, Montalvo v Nel Taxi Corp.*, 114 AD2d 494), defendant's contention that his motion should have been granted lacks force. Given defendant's failure to proffer medical evidence substantiating his assertion that the claims manager assigned by defendant's insurance carrier to handle the file was incapacitated by illness during the time he held the file, or to explain in any way the additional delay that occurred after the file was reassigned, Supreme Court did not abuse its discretion by refusing to vacate the default (*see, Biega v Ellis Hosp.*, 115 AD2d 880, 882, *lv dismissed* 67 NY2d 605; *Hargett v Health & Hosps. Corp.*, 88 AD2d 633).

Nor was the proof insufficient to establish that plaintiff sustained a serious injury, as defined by Insurance Law § 5102 (d). Regardless of whether plaintiff's physical injuries alone are substantial enough to meet the statutory threshold, plainly those injuries, coupled with the severe and medically documented emotional trauma she experienced as a result of her observation from within the zone of danger of her son's death (*see, Bovsun v Sanperi*, 61 NY2d 219, 230-232), constitute a "medically determined injury or impairment" which prevented her from performing substantially all of her usual activities for 90 of the 180 days following the accident (Insurance Law § 5102 [d]; *see, Small v Zelin*, 152 AD2d 690, 691). Plaintiffs proved (and defendant introduced no countervailing expert medical proof) that the injuries plaintiff endured as a result of the accident, including physical damage to her elbow and hip, muscle spasm, fatigue, posttraumatic stress disorder, anxiety, depression, sleep difficulties and nightmares, prevented her from resuming the bulk of her normal activities until well beyond 90 days after the accident.

Moreover, the record evidence shows that while some of plaintiff's ongoing emotional and physical ailments may be attributable, in part, to grief and sorrow stemming from the loss of her son, elements for which recovery may not be had (*see, Delosovic v City of New York*, 143 Misc 2d 801, 810, *affd on opn below* 174 AD2d 407, *lv denied* 79 NY2d 751), she was also traumatized by the accident itself (as demonstrated, for example, by her ongoing fear of cars and driving), and by the "shock and fright" resulting from directly witnessing the manner and circumstances of her son's death. The mere fact that it is impossible to definitively separate the various aspects of psychological injury resulting from a traumatic occurrence such as that at issue here does not bar recovery when it is manifest that a compensable injury has indeed occurred (*see,*

*Delosovic v City of New York, supra*, at 810). To the extent that Supreme Court's decision indicates that it improperly considered plaintiff's grief over the loss of her child in arriving at its damage award, our independent review of the record leads us to conclude that the amounts awarded for her past and future suffering ($500,000 and $250,000, respectively) were nevertheless appropriate, even when the correct standards are applied.

Mikoll, J. P., Peters and Spain, JJ., concur. Ordered that the order and judgment are affirmed, with costs.