■ JOSEPH L. CONGDON et al., Appellants, v BENJAMIN S. PREISMAN et al., Respondents. [693 NYS2d 757] —Graffeo, J. Appeal from an order of the Supreme Court (Lynch, J.), entered September 11, 1998 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

This action was commenced by plaintiff Joseph L. Congdon (hereinafter plaintiff), and his wife derivatively, to recover damages for injuries he sustained as the result of an automobile accident which occurred in December 1995. After issue was joined, defendants moved for summary judgment on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted defendants' motion and plaintiffs now appeal.

Although plaintiff allegedly sustained several different injuries, the sole issue on this appeal is whether defendants' summary judgment motion can be defeated based on the contention that plaintiff's tinnitus condition may have constituted a "serious injury". It is axiomatic that to defeat a motion for summary judgment in a "serious injury" case, plaintiff must provide "competent medical evidence based upon objective medical findings" in support of the injury claim (*Eisen v Walter & Samuels*, 215 AD2d 149, 150; *see, Delaney v Lewis*, 256 AD2d 895, 897; *Decker v Stang*, 243 AD2d 1033, 1036, *lv denied* 91 NY2d 812). Moreover, subjective complaints alone cannot form a basis for denial of defendants' motion (*see, Fountain v Sullivan*, 261 AD2d 795, 796).

Plaintiffs submitted the affirmation of Karen Tan, a physician specializing in otolaryngology, in opposition to defendants' motion. While noting that tinnitus may be subjective or objective, the latter of which can be heard by an examiner, Tan made no suggestion that plaintiff's condition was of the objective variety. Tan also indicated that tinnitus can be accompanied by a hearing impairment, but acknowledged plaintiff's audiologic evaluation revealed no loss of hearing. Furthermore, plaintiff's MRI and audiologic evaluation were negative. Although Tan opined that plaintiff sustained a "permanent loss, to a degree, of the function of his audiological system", her diagnosis was clearly derived from plaintiff's subjective complaints which were insufficient to raise a question of fact (*see, Jones v Malark*, 261 AD2d 788; *La Rue v Tucker*, 247 AD2d 702). We recognize that under some circumstances tinnitus may be a basis for the finding of a "serious

injury" (*see, e.g., Preston v Young*, 239 AD2d 729), but such a finding was not warranted in this case. In contrast to the facts in *Preston v Young* (*supra*), here there is no indication that the diagnosis of tinnitus rested on anything more than plaintiff's subjective complaints of ringing in the ear, which were not accompanied by hearing loss or any other manifestation of an injury. We conclude that under these circumstances in which the sole basis for the diagnosis is plaintiff's subjective complaints, summary judgment was appropriate (*see, Peel v Jordan*, 202 AD2d 485) and Supreme Court's dismissal of plaintiffs' complaint is affirmed.

Mercure, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.