■ JOHN QUINN, Respondent, v MERCEDES LICAUSI, Appellant. [693 NYS2d 762] —Carpinello, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 31, 1998 in Ulster County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action to recover for injuries sustained in a March 8, 1996 head-on automobile collision. Following a jury trial, a verdict was rendered in plaintiff's favor and he was awarded $55,000 in pain and suffering damages from the date of the accident to the date of the trial. Plaintiff was awarded no damages for future pain and suffering or the permanent effect of his injuries. Defendant appeals.

Defendant first contends that Supreme Court erred in denying her motion for a directed verdict at the close of plaintiff's case based upon his failure to establish a prima facie case of serious injury under Insurance Law § 5102 (d). A motion for judgment pursuant to CPLR 4401 is appropriate "only where, giving the plaintiff the benefit of every favorable inference, there is no rational basis on which a jury could reasonably find for the plaintiff" (*Walden v Otis El. Co.*, 178 AD2d 878, 879, lv denied 79 NY2d 758; see, *Murphy v Hasenflue*, 198 AD2d 754). Upon our review of the record, we are satisfied that plaintiff established a prima facie case of serious injury, i.e., the jury could have rationally determined that plaintiff sustained a significant limitation of use of a body function and/or system.

While "a medical opinion based upon subjective complaints of pain is insufficient to support a claim of serious injury" (*Gaddy v Eyler*, 167 AD2d 67, 71, affd 79 NY2d 955; see, *Scheer v Koubek*, 70 NY2d 678, 679), objective evidence of injury was presented at trial. According to plaintiff, within a few days of the accident, he began experiencing pain in his neck which radiated into his arms and hands. He described this pain as severe. He further testified that he experiences numbness in his arms and fingers and that, as a result of his injury, he frequently drops things and is unable to perform many daily

activities. Michael Weintraub, a neurologist who treated plaintiff following the accident, testified that a postaccident MRI showed a herniated disc at the C 4-5 level (an MRI performed on plaintiff approximately 2½ years before the accident revealed no disc out of place at that time). Weintraub opined that the objective results of the postaccident MRI coincided with plaintiff's complaints of radicular pain and that, in his opinion, within a reasonable degree of medical certainty, plaintiff sustained an injury in the collision which resulted in a significant limitation of use of a body function or system.

In light of Weintraub's expert testimony which, if credited, provided a medical foundation for plaintiff's complaints of pain and numbness, the question of whether plaintiff suffered from a serious injury was properly left for jury resolution (*see, Noble v Ackerman*, 252 AD2d 392, 394; *Cooper-Fry v Kolket*, 245 AD2d 846, 848; *Hawkey v Jefferson Motors*, 245 AD2d 785, 787; *Murphy v Hasenflue, supra*, at 755; *cf., Crandall v Sledziewski*, 260 AD2d 754). To the extent that defendant's arguments can be construed as a challenge to the verdict as being against the weight of the evidence, we find implicit in the verdict a conclusion by the jury that plaintiff suffered from a significant limitation, a finding which is not against the weight of the evidence, i.e., the evidence did not so preponderate in favor of defendant that the verdict could not have been reached on any fair interpretation of it (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

Finally, to the extent the issue is sufficiently preserved for review, we reject defendant's contention that Supreme Court erred in its charge to the jury.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.