■ Tracey K. Kristel, Appellant, v Theresa M. Mitchell et al., Respondents, et al., Defendant. [703 NYS2d 828] —Graffeo, J. Appeals (1) from an order of the Supreme Court (Lynch, J.), entered February 9, 1999 in Schenectady County, which granted motions by defendants Theresa M. Mitchell and Darryl C. Romano for summary judgment dismissing the complaint against them, and (2) from an order of said court, entered August 25, 1999 in Schenectady County, which, upon renewal, adhered to its prior decision.

Plaintiff commenced this action to recover damages for injuries she allegedly sustained to her head, neck, back, hip and jaw in two motor vehicle accidents. In the first accident, which occurred in July 1990, plaintiff contends that she struck her head on the windshield and received emergency room medical treatment. In the second accident, approximately two months later, she claims that her head struck the front visor but she did not seek medical treatment and was able to drive home.

After joinder of issue, defendants Theresa M. Mitchell and Darryl C. Romano (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them, asserting that plaintiff had not sustained a "serious injury" as defined by Insurance Law § 5102 (d). Supreme Court granted the motions which prompted plaintiff's motion to renew. Upon renewal, Supreme Court adhered to its original determination and plaintiff now appeals both orders.

It is well settled that the proponent of a motion for summary judgment based on New York's no-fault statute must submit admissible evidence demonstrating that the plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d) (see, Flater v Brennan, 173 AD2d 945, 947). Once a defendant has satisfied his or her prima facie burden,

the plaintiff must present "competent medical evidence based upon objective medical findings" establishing the existence of a "serious injury" (*Eisen v Walter & Samuels*, 215 AD2d 149, 150; *see*, *Congdon v Preisman*, 263 AD2d 808).

Here, in support of their motions, defendants submitted the affidavit of the physician who conducted an independent neurological examination of plaintiff. The physician opined that there were no objective neurologic findings to support plaintiff's claim of brain injury. Indicating that plaintiff's alleged injuries were incompatible with her complaints, plaintiff's condition was diagnosed as psychogenic in nature, coupled with chronic depression. Any alleged pain and other symptoms were found to be unrelated to the automobile accidents. Defendants, therefore, met their burden of presenting admissible evidence that plaintiff did not sustain a "serious injury".

In opposition to defendants' motions, plaintiff initially submitted the affidavit of a psychologist who interviewed her on two occasions in 1996 and, based on a neuropsychological evaluation, concluded that plaintiff suffered intellectual impairments and that her "overall presentation" was consistent with an organic mood disorder. He opined "with reasonable psychological certainty" that plaintiff's condition was caused by the trauma of the automobile accidents. Defendants assert not only that the psychologist's affidavit was conclusory, but that it did not constitute "competent medical evidence". Although this Court has held that under certain circumstances a mental or emotional impairment may constitute a "serious injury" (*see*, *Sellitto v Casey*, 268 AD2d 753), we find that the affidavit of plaintiff's psychologist did not contain an adequate assessment of how the alleged injuries were related to either or both accidents.

Similarly, the affidavit of plaintiff's physician, submitted with the motion to renew, failed to provide competent objective medical evidence establishing that plaintiff sustained a "serious injury" as a result of the accidents. Notably, the contemporaneous notes by the doctor from his initial evaluation of plaintiff indicated that he made no findings which explained plaintiff's symptoms and suggested that plaintiff's symptoms were of a psychological nature. In the absence of adequate objective findings supporting the claim that plaintiff suffered from a "serious injury" and that her injuries were causally related to the accidents, there is no reason to disturb Supreme Court's determination that plaintiff did not make a sufficient showing to defeat defendants' motions for summary judgment (*see*, *Gaddy v Eyler*, 79 NY2d 955).

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.