■ THOMAS CHAPMAN, Appellant, v ANDREW F. CAPOCCIA et al., Respondents. [725 NYS2d 430] —Mugglin, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered December 27, 1999 in Washington County, upon a dismissal of the complaint at the close of evidence.

Defendants do not dispute that they were retained by plaintiff to institute an action for injuries that he sustained in an automobile accident which occurred March 26, 1987. Likewise, defendants do not dispute that they failed to institute that action before it was barred by the applicable Statute of Limitations. The sole defense pursued in this legal malpractice action for defendants' failure to commence a lawsuit with respect to said accident was that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), thus barring the personal injury action. At the close of proof, defendants moved to dismiss for plaintiff's failure to establish the existence of a serious injury and for failure to establish a causal connection between the 1987 accident and plaintiff's claimed injury of posttraumatic stress disorder (hereinafter PTSD). Supreme Court reserved on the motion and submitted the case to the jury. By a vote of 5 to 1, the jury determined that (1) plaintiff suffered a permanent loss of use of a body function or system in the accident, (2) the accident was a

substantial factor in causing this permanent loss, (3) plaintiff sustained a significant limitation of use of a body function or system as a result of this accident, (4) the accident was a substantial factor in causing this limitation, and (5) total damages both preverdict and postverdict for pain and suffering were $255,000. Defendants thereafter moved to set aside the verdict pursuant to CPLR 4404 (a). Supreme Court granted defendants' trial motion, upon which it had reserved decision, and dismissed the complaint, prompting this appeal by plaintiff.

As a preliminary matter, although Supreme Court made reference to the posttrial motion in its decision, it is evident from reading the decision that the court did not set aside the jury verdict as against the weight of the evidence but, rather, granted defendants' trial motion to dismiss plaintiff's complaint for failure to establish a prima facie case on the issues of serious injury and proximate causation. The decision focuses entirely on the latter issues (*see, Quinn v Licausi*, 263 AD2d 820) and not on the former (*see, Rosabella v Fanelli*, 225 AD2d 1007, 1008). For the reasons that follow, we conclude that Supreme Court incorrectly granted this motion and we therefore reverse.

Our analysis begins by recognizing, as did Supreme Court, that absent a serious injury, there could be no recovery in a personal injury action arising out of a motor vehicle accident (*see, Licari v Elliott*, 57 NY2d 230). Moreover, as Supreme Court correctly noted, "serious injury must be established through 'competent medical evidence based upon objective medical findings and diagnostic tests'" (*Uhl v Sofia*, 245 AD2d 988, 990, quoting *Eisen v Walter & Samuels*, 215 AD2d 149, 150), and "[i]t is incumbent upon the court to decide in the first instance whether plaintiff has a cause of action to assert within the meaning of the statute" (*Licari v Elliott, supra*, at 237). While the physical injuries sustained by plaintiff in this accident undoubtedly would not qualify as serious within the meaning of Insurance Law § 5102 (d), this Court (*see, Sellitto v Casey*, 268 AD2d 753; *Spinrad v Gasser*, 235 AD2d 687), and the other Appellate Divisions of this State (*see, Wyman v Giarnella & Son*, 170 AD2d 229; *Quaglio v Tomaselli*, 99 AD2d 487; *Arno v Kennedy*, 88 AD2d 754), have all recognized that an emotional injury, causally related to an automobile accident, can constitute a serious injury sufficient to maintain a cause of action to recover damages for noneconomic loss. Thus, this record must be examined to determine if there is objective medical evidence of PTSD within the guidelines of these cases.

This record contains the testimony of plaintiff's treating orthopedist, his treating psychiatrist and the psychiatrist who examined plaintiff twice, once in 1988 concerning no-fault benefits and once in 1999 for his independent medical examination relative to this trial. Plaintiff established a prima facie case, sufficient to permit the issue to be submitted to the jury, by the testimony of his treating psychiatrist who based his opinion on a review of plaintiff's full history and on the fact that he suffered such symptoms as anxiety, nightmares, sleep disturbance, hyperarousal, hypervigilance, fear, depression, anger, preoccupation with his physical condition and impotence. Moreover, it was his orthopedist's observation of plaintiff's emotional overlay that prompted the original reference to his treating psychiatrist in 1987, resulting in the original working diagnosis of PTSD and his continuous treatment from that day to the present for this condition. Some of plaintiff's symptoms were capable of being objectively observed by his treating physicians and some were objectively established by his testimony and that of his wife, especially with respect to hyperarousal (collapsing in a theater while viewing a car chase scene), hypervigilance (constantly talking to drivers of other automobiles when he is driving), and withdrawal (sleeping in, and otherwise spending much of his day in, a "therapeutic" chair). In our view, this evidence sufficiently established both a permanent loss of use of a body function or system (given the chronic nature of the problem) and a significant limitation of use of a body function or system and provided a medical foundation for plaintiff's complaints of psychological trauma for the jury's consideration (see, Quinn v Licausi, 263 AD2d 820, supra; Spinrad v Gasser, 235 AD2d 687, 688, supra), and was not based simply on his subjective complaints.

Lastly, on this issue, since the motion to dismiss was not made until both sides had rested, we note that the psychiatrist who testified for defendants also diagnosed plaintiff as suffering from PTSD. Both psychiatrists testified to the four elements that must exist to support this diagnosis. Notably, neither psychiatrist testified to either the existence of diagnostic tests to objectively demonstrate the existence of PTSD or the need to rely on such tests in order to diagnose plaintiff's condition. Consequently, on this record, we hold that Supreme Court erred by dismissing plaintiff's complaint based on an absence of testimony concerning diagnostic testing and by finding that plaintiff's proof of PTSD was solely subjective.

The remaining issue is whether plaintiff established by competent evidence that his PTSD was causally related to the

1987 accident. In this regard, his treating psychiatrist attributed 75% of the disorder to the 1987 accident and 25% to a prior accident. We note that he was not asked on direct examination whether he could so state within a reasonable degree of medical certainty, but when pressed on cross-examination as to whether that was possible, he stated, "It is my best medical opinion, yes." In our view, the treating psychiatrist's testimony sufficiently established the prima facie case. The fact that defendants' psychiatrist testified that plaintiff's PTSD was partially caused by the 1987 accident (although it could not be caused solely by that accident), partially by a previous accident, partially by plaintiff's experiences in the Army in the mid-1940s, and partially by an episode when a deer ran into the side of his car in 1988, but that it was impossible to assign percentages to these episodes, merely raised an issue of credibility and weight of the evidence for the jury to resolve. In sum, by the end of the trial, there was no dispute that plaintiff suffers from PTSD and that it was at least partially attributable to the 1987 accident. Under these circumstances, the case was properly submitted to the jury and its verdict should not have been disturbed by the subsequent granting of defendants' trial motion.

Peters, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied and verdict reinstated.