■ ANDREA MAZZOTTA, an Infant, by His Mother and Natural Guardian, ROSETTA MAZZOTTA, Appellant-Respondent, and ROSETTA MAZZOTTA, Appellant and Respondent-Appellant, v JEROME VACCA, Respondent. [733 NYS2d 916] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated August 15, 2000, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither plaintiff had sustained a serious injury within the meaning of Insurance Law § 5102 (d), and granted the cross motion of the plaintiff Rosetta Mazzotta for summary judgment dismissing the first cause of action on behalf of the plaintiff Andrea Mazzotta on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and to dismiss the defendant's counterclaim against her for contribution for personal injuries sustained by Andrea Mazzotta.

Ordered that the appeal by the plaintiff Rosetta Mazzotta from so much of the order as granted her cross motion is dismissed, as she is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the appeal by the plaintiff Andrea Mazzotta from so much of the order as granted the branch of the cross motion which was for summary judgment dismissing the

counterclaim is dismissed, as he is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondent Jerome Vacca is awarded one bill of costs.

The defendant Jerome Vacca established a prima facie case that the injuries sustained by the plaintiff Rosetta Mazzotta were not serious within the meaning of Insurance Law § 5102 (d) by submitting an affirmed report of an examining physician who concluded that there was no disability (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957), and the unsworn report of Rosetta's treating physician who concluded that the disability was mild in nature (*see, Gaddy v Eyler, supra,* at 957; *Licari v Elliott,* 57 NY2d 230, 236; *Pagano v Kingsbury,* 182 AD2d 268, 271).

Rosetta's opposition, however, was insufficient to raise a triable issue of fact, since she submitted an unsworn medical report, which was not in admissible form (*see, Grasso v Angerami,* 79 NY2d 813). In addition, the affirmation of her treating physician failed to set forth the objective tests he performed in arriving at his conclusion that her injuries were permanent in nature and not solely the result of her preexisting degenerative disc disease (*see, Grossman v Wright,* 268 AD2d 79, 85; *Kauderer v Penta,* 261 AD2d 365). In addition, Rosetta admitted that she resumed her work as a waitress within weeks after the accident.

The plaintiff Andrea Mazzotta failed to raise a triable issue of fact that he sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler, supra*), since he admitted that he did not suffer any physical injuries as a result of the accident, and the medical evidence regarding his psychological condition after the accident failed to show that he suffered an impairment sufficient to constitute a serious injury (*see, Sellitto v Casey,* 268 AD2d 753, 755; *Nolan v Ford,* 100 AD2d 579, *affd* 64 NY2d 681). Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.