◼ Gretchen Bissonette, Individually and as Parent and Guardian of Owen Compo and Another, Infants, Appellant, v

KIRK R. COMPO et al., Respondents. [762 NYS2d 849] —Rose, J. Appeal from an order of the Supreme Court (Demarest, J.), entered October 8, 2002 in St. Lawrence County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action to recover damages for injuries allegedly sustained by her daughter, Bronwen, and her son, Owen, when the vehicle in which they were riding struck a tree on January 23, 2000.* Defendants moved for summary judgment dismissing the complaint on the ground that the serious injury threshold of Insurance Law § 5102 (d) was not satisfied. In support of their motion, defendants cited Bronwen's medical records, which report only minor physical injuries, and plaintiff's deposition testimony stating that Bronwen is quieter and not as outgoing as she was before the accident, and that no psychologist, psychiatrist or other medical expert has examined her since then. In response to defendants' motion, plaintiff conceded that Bronwen's medical records do not establish a serious injury under Insurance Law § 5102 (d), but she argued that she need not show such an injury because Bronwen experienced emotional distress as a result of being in the "zone of danger" and observing the injuries suffered by her brother and her father, defendant Kirk R. Compo (*see Bovsun v Sanperi*, 61 NY2d 219, 228 [1984]). Supreme Court granted defendants' motion, and plaintiff appeals.

Although we recognize that a causally-related emotional injury, alone or in combination with a physical injury, can constitute a serious injury under the Insurance Law (*see Chapman v Capoccia*, 283 AD2d 798, 799 [2001]; *Kristel v Mitchell*, 270 AD2d 598, 599 [2000]; *Sellitto v Casey*, 268 AD2d 753, 755-756 [2000]; *Cushing v Seemann*, 247 AD2d 891, 892-893 [1998]; *Spinrad v Gasser*, 235 AD2d 687, 688-689 [1997]), such injury—as well as being "serious and verifiable" (*Bovsun v Sanperi, supra* at 231-232)—must also be established by objective medical evidence (*see Chapman v Capoccia, supra* at 799) and causally related to the motor vehicle accident (*see Kristel v Mitchell, supra* at 599). Here, Bronwen's medical records contain no examination, diagnosis or treatment of any emotional or psychological condition, and plaintiff does not allege that any medical expert has identified such an injury or causally linked it to the accident. Under these circumstances, Supreme Court properly granted defendants' motion for summary judgment.

---

* Plaintiff's claim for injuries sustained by her son was separately settled and is not involved in this appeal.

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.