■ MITSUHIRO HONZAWA et al., Respondents-Appellants, v HIROKUNI HONZAWA et al., Appellants-Respondents, et al., Defendants. MITSUHIRO HONZAWA et al., Respondents, v HIROKUNI HONZAWA et al., Appellants, et al., Defendants. [766 NYS2d 29] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered September 12, 2002, which, to the extent appealed from as limited by the briefs, dismissed plaintiffs' claim for abuse of process and, after a jury verdict in favor of plaintiffs, set aside the award for emotional distress and loss of consortium, reduced the amount awarded for punitive damages from $50 million to $10 million and awarded plaintiff Mitsuhiro Honzawa the sum of $11,140,430, plus interest, costs and disbursements, unanimously modified, on the

law and the facts, to the extent of reinstating the jury's award for emotional distress and loss of consortium and increasing the award for punitive damages to $15 million, and otherwise affirmed, with costs to plaintiffs. Order, same court and Justice, entered May 9, 2003, which denied defendants' motion to vacate the judgment, unanimously affirmed, with costs to plaintiffs.

The absence of proof that defendant Takara International, the plaintiff in the underlying action, had any claim upon the funds that it alleged were converted by plaintiff Mitsuhiro Honzawa, supports the jury's award of damages for malicious prosecution. Testimony by both Mitsuhiro and his brother, defendant Hirokuni Honzawa, concerning the substantial cash deposits they made to Hong Kong bank accounts demonstrates the absence of probable cause to prosecute the action. Having failed to demonstrate that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see also Adamy v Ziriakus*, 92 NY2d 396, 400 [1998]), defendants' motion to set aside the jury verdict as against the weight of the credible evidence was properly denied.

Plaintiffs established that defendant Hirokuni Honzawa's animosity towards his brother was the motivation for defendants' commencement of a wholly meritless lawsuit and the attachment of plaintiff Mitsuhiro Honzawa's accounts. While the evidence is therefore sufficient to sustain a cause of action for abuse of process (*see Curiano v Suozzi*, 63 NY2d 113, 116 [1984]), this claim arises out of the same conduct as the malicious prosecution cause of action, and plaintiffs sought identical damages under their respective theories. While the two causes of action can be pleaded in the alternative, only a single recovery is available (*see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn.*, 38 NY2d 397, 406 [1975]).

Reprehensible conduct warrants the award of punitive damages (*BMW of N. Am., Inc. v Gore*, 517 US 559, 575 [1996]; *see also State Farm Mut. Auto. Ins. Co. v Campbell*, 538 US 408, —, 123 S Ct 1513, 1519, 1520 [2003]; *Cooper Indus. v Leatherman Tool Group*, 532 US 424, 434-435 [2001]). While we regard the jury's award of $50 million to be excessive, the court's reduction fails to take into account the millions of dollars expended by plaintiffs herein for legal fees in prosecuting the underlying action and the immense value of the family businesses. Since

"the purpose of punitive damages is solely to punish the offender and to deter similar conduct on the part of others" (*Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 316 [1994]), a more substantial penalty than $10 million is appropriate.

The evidence supports the jury's finding for plaintiffs on the causes of action of emotional distress and loss of consortium, and the amounts awarded thereon. That some of the emotional suffering might be attributable to defendants' conduct prior to the commencement of the underlying lawsuit does not preclude an award of damages "when it is manifest that a compensable injury has indeed occurred" (*Spinrad v Gasser*, 235 AD2d 687, 688 [1997]) and that the harm may result from the aggravation of an existing injury (*see Holley v Transoceanic Cable Co.*, 301 AD2d 417, 420 [2003]; *Salonia v Samsol Homes*, 119 AD2d 394, 396 [1986]).

Finally, litigation over the ownership of the family's Japanese business interests is not material to plaintiffs' malicious prosecution claim, and Supreme Court properly declined to vacate judgment on the basis of a ruling by a Japanese intermediate appellate court.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Ellerin, Friedman and Gonzalez, JJ.