OPINION OF THE COURT
John M. Galasso, J.
This action involves an automobile collision which occurred on October 31, 2001.
*449 Plaintiff, in his mid-70s at the time of the accident, alleged in his bill of particulars that he suffered various physical injuries involving the spine plus serious psychological injuries, including posttraumatic stress disorder, depression, anxiety, an inability to concentrate and a phobia of driving.
In support of this motion for summary judgment pursuant to CPLR 3212 and Insurance Law § 5102 (d), defendant submits the affirmed reports of a neurologist and an orthopedist who concluded there were no objective physical findings the plaintiff sustained any substantial or permanent injuries or disability as a result of the subject accident (see Grossman v Wright, 268 AD2d 79 [2000]).
Defendant did not offer any evidence regarding plaintiff’s claim of psychological injuries. (See e.g. Bissonette v Compo, 307 AD2d 673 [2003].) Nevertheless, the court finds that defendant presented sufficient proof in admissible form to shift the burden to plaintiff to raise a triable issue of fact in response to this threshold motion (see Elewa v Enterprise Rent-A-Car Co., NYLJ, Apr. 27, 2000, at 31, col 4).
In his opposition, plaintiff does not attempt to contradict defendant’s evidence regarding serious physical injuries as a threshold question, thus conceding the issue. Plaintiff addresses only the psychological aspects of his claim. His allegations are not complicated by “zone-of-danger” assertions (Cushing v Seemann, 247 AD2d 891 [1998]) or diagnoses of neurological conditions, such as chronic pain syndrome (e.g., Pagels v P.V.S. Chems., 266 AD2d 819 [1999]).
On the other hand, plaintiff’s expert is not a psychiatrist whose opinion diagnosing posttraumatic stress disorder would raise a material issue of fact constituting a serious injury within the meaning of New York’s No-Fault Law (Wahl v Lothiam, 235 F Supp 2d 334 [2002]).
Disagreeing with case law to the contrary, the court determines that findings by a clinical psychologist alone are sufficient to defeat a motion for summary judgment (Ricci v Deonarine, NYLJ, Sept. 18, 2000, at 27, col 1; Lacomb v Poland Cent. School Dist., 116 Misc 2d 585 [1982]; Elewa v Enterprise Rent-A-Car Co., supra).
Defendant’s assertion that plaintiff’s submissions are inadmissible because plaintiffs psychologist appeared to rely upon various unsworn reports of prior treatment in reaching her conclusion is not persuasive (see Merisca v Alford, 243 AD2d *450 613 [1997]). In the case at bar, plaintiffs expert performed several psychological tests which led to her opinion that the accident was a proximate cause of plaintiffs psychological injuries.
Furthermore, it was essential for her to review prior reports whether affirmed or not and to otherwise obtain an understanding from plaintiff concerning his complaints in order to properly treat him. To hold otherwise would penalize plaintiff for seeking treatment with a psychologist, as opposed to a psychiatrist or other medical doctor (Elewa v Enterprise Rent-A-Car, supra).
By all accounts, prior to the accident plaintiff was a very active senior citizen. It will be up to the jury to address the question of whether any of plaintiffs psychological problems are the result of the aging process or directly attributable to the accident.
Defendant’s motion is denied.