■ MARY ANNE C. TARANTO et al., Appellants, v CARLYN L. MCCAFFREY et al., Respondents. [835 NYS2d 365]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated March 6, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Mary Anne C. Taranto did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

In 1992 the plaintiff Mary Anne C. Taranto (hereinafter the plaintiff) was involved in a motor vehicle accident in which she sustained various serious injuries, including, inter alia, facial and nasal fractures, a dislocated hip, psychological difficulties, sleep disorders, and memory loss. Eight years later, in October 2000, the plaintiff's motor vehicle was struck by a vehicle driven by the defendant John P. McCaffrey and owned by the defendant Carlyn L. McCaffrey (hereinafter the subject accident). In her deposition testimony, the plaintiff acknowledged, however, that she was not even aware of the impact until her four-year-old son, a passenger in the car, brought the accident to her attention.

In 2003, the plaintiffs commenced this action against the defendants, alleging that, as a result of their negligence in the subject accident, the plaintiff sustained numerous physical injuries—which to a large degree, involved those parts of her body injured in the prior accident—as well as psychological and cognitive disorders, including memory loss and depression. The plaintiffs further alleged that, as a result of the subject accident, the plaintiff sustained a rupture of her left breast augmentation implant, causing severe pain, infection, encapsulation, and its eventual removal.

The defendants moved for summary judgment, and the Supreme Court dismissed the complaint for failure to establish a serious injury within the meaning of Insurance Law § 5102 (d). We affirm. As the Supreme Court properly found, the medical evidence which the defendants submitted in support of their motion for summary judgment established, prima facie, that the physical injuries allegedly sustained by the plaintiff were not causally related to the subject accident (*see Pommells v Perez*, 4 NY3d 566, 580 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]).

Similarly, although "a causally-related emotional injury, alone or in combination with a physical injury, can constitute a serious injury" (*Bissonette v Compo*, 307 AD2d 673, 674 [2003]; *see Brandt-Miller v McArdle*, 21 AD3d 1152, 1153 [2005]; *Nolan v Ford*, 100 AD2d 579 [1984], *affd* 64 NY2d 681 [1984]), any psychological condition or depression suffered by the plaintiff was found by the defendants' doctors to be unrelated to the automobile accident, especially in light of the existence of other life stressors and the passage of more than two years prior to the diagnosis of the psychological impairments (*see Mazzotta v Vacca*, 289 AD2d 305, 306 [2001]; *Sellitto v Casey*, 268 AD2d 753 [2000]). The evidence submitted by the plaintiffs in opposition failed to raise a triable issue of fact as to whether the alleged injuries were causally related to the accident (*see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]; *Kristel v Mitchell*, 270 AD2d 598, 599 [2000]). Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.