██ ALICIA L. KRIVIT et al., Appellants, v GREGG M. PITULA et al., Respondents. [912 NYS2d 789]—

Garry, J. Appeal from an order of the Supreme Court (Sackett, J.), entered September 15, 2009 in Sullivan County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Alicia L. Krivit (hereinafter plaintiff) and her husband, derivatively, commenced this action following a motor vehicle accident in May 2004 in which a truck driven by defendant Gregg M. Pitula rear-ended plaintiff's automobile. Plaintiff allegedly sustained neck injuries and posttraumatic stress disorder (hereinafter PTSD) as a result of the accident. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d). Supreme Court granted the motion, and plaintiffs appeal.

It is well established that "a causally-related emotional injury, alone or in combination with a physical injury, can constitute a serious injury under the Insurance Law" (*Bissonette v Compo*, 307 AD2d 673, 674 [2003]; *accord Brandt-Miller v McArdle*, 21 AD3d 1152, 1153 [2005]).[1] We have previously held that PTSD may constitute such an injury when it is causally related to a motor vehicle accident and demonstrated by objective medical evidence (*see Chapman v Capoccia*, 283 AD2d 798, 799-800 [2001]). Here, we find that plaintiffs established the existence of triable issues of fact as to whether the 2004 accident caused plaintiff to suffer PTSD constituting a permanent loss of use of a body function or system or a significant limitation of use (*see* Insurance Law § 5102 [d]). Accordingly, we reverse.

Defendants supported their summary judgment motion with the affidavit and report of psychiatrist Melvin Steinhardt, who opined, based upon his examination and review of records, that there was no objective evidence that plaintiff suffered a perma-

---

1. Plaintiffs confine their arguments on appeal to plaintiff's alleged psychological injury, conceding that her neck condition did not constitute a causally-related serious injury.

nent consequential limitation or significant limitation of use. He further opined that plaintiff's psychological condition was not causally related to her accident. Instead, Steinhardt stated that plaintiff's condition was caused by stressors unrelated to her accident and by her "long and troubled history" before the accident, as manifested by a history of self-medication, symptoms suggesting depression, and the fact that she took the medication Prozac for many years before the accident and temporarily discontinued it after the accident.

Steinhardt's assessment of plaintiff's preaccident medical history was not based on medical records; apparently, few or no pertinent records exist. Plaintiff, a nurse practitioner with the professional authority to diagnose and prescribe, testified that she obtained much of her preaccident care on an informal, undocumented basis from relatives in the medical field. Thus, medical experts for both sides based their understanding of plaintiff's preaccident medical condition on the history she gave her postaccident medical providers and her deposition testimony. Despite the lack of records, however, admissions regarding preexisting injuries or medical conditions made during a deposition may be sufficient to shift the burden "to plaintiffs to 'com[e] forward with evidence indicating a serious injury causally related to the [subject] accident[ ]' " (*Coston v McGray*, 49 AD3d 934, 935 [2008], quoting *Pommells v Perez*, 4 NY3d 566, 579 [2005]). Accordingly, defendants met their burden of presenting evidence that plaintiff did not sustain a causally-related serious injury, shifting the burden to plaintiffs to establish the existence of triable issues of fact (*see Villeda v Cassas*, 56 AD3d 762, 762 [2008]; *Taranto v McCaffrey*, 40 AD3d 626, 627 [2007]; *compare Brandt-Miller v McArdle*, 21 AD3d at 1154).

In opposition to defendants' motion, plaintiffs submitted the medical reports and affidavit of Peter Panzarino, plaintiff's treating psychiatrist. Based on his treatment of plaintiff and review of her postaccident medical records,[2] Panzarino opined that she suffers from PTSD, that she did not have the condition before the 2004 motor vehicle accident and would not have developed it but for the accident, and that the disorder is permanent in nature and has significantly limited her ability to function in her professional capacity as well as in activities of daily living. As described by Panzarino, plaintiff's initial symptoms included panic attacks, agoraphobia, depression,

---

2. Plaintiff was initially diagnosed with PTSD in 2005 by another psychiatrist whom she consulted after the accident for symptoms such as anxiety, weight loss, tearfulness, and daily thoughts of suicide. Panzarino took over her care in 2006.

weight loss, anhedonia, anorexia, poor sleep and nightmares, and later included progressive depression sufficiently severe to require two hospitalizations, one of which resulted from a suicide attempt, and the inability to work in her profession. According to Panzarino, plaintiff's symptoms are "a classic example" of those typically experienced by persons suffering from PTSD.

Supreme Court found Panzarino's opinion insufficient to raise triable issues of fact as to serious injury as his diagnosis was based solely on plaintiff's subjective complaints. However, defendants' expert neither opined that diagnostic tests are relied upon in diagnosing PTSD nor indicated that any such testing would be useful in doing so. In contrast, Panzarino affirmatively stated that tests are not used to diagnose PTSD and that the disorder is identified, instead, "by the professional clinician's assessment of the presentation of the patient's condition." Further, we have previously held that PTSD may be demonstrated without diagnostic testing for purposes of Insurance Law § 5102 (d) by symptoms objectively observed by treating physicians and established by the testimony of the injured plaintiff and others who observe the plaintiff (*see Chapman v Capoccia*, 283 AD2d at 799-800). We note the similarity between plaintiff's symptoms and those experienced by the plaintiff in *Chapman*; in that case, we found that the plaintiff's PTSD diagnosis was not based solely on his subjective complaints and that a sufficient medical foundation was presented to submit the question whether he sustained a serious injury to the jury (*see id.* at 800).

With regard to causality, Panzarino referenced plaintiff's report that her symptoms began immediately after the accident, opined that the accident was representative of the type of traumatic event that causes PTSD, and further observed that there was no evidence that, before the accident, plaintiff experienced problems with functioning in her home life or her professional capacity as a nurse practitioner comparable to the difficulties she experienced thereafter. As to Steinhardt's opinion that plaintiff's condition was caused by her preexisting condition and other stressors, Panzarino opined that plaintiff's history of self-medication, symptoms suggesting depression, and taking Prozac did not indicate that she suffered from PTSD before the accident, while acknowledging that these factors might have made her more susceptible to the onset of the condition following a traumatic occurrence. Notably, there is no proof in the record that plaintiff was ever diagnosed with depression or another psychological disorder before the 2004 accident. Plaintiff testified that the Prozac was prescribed in ap-

proximately 1988 by a psychiatrist whom she consulted on a single occasion after she successfully completed alcohol abuse treatment, apparently to assist in her rehabilitation. The prescription was regularly renewed thereafter because, as she stated, it is "a long-term medicine" and she felt well while taking it. Other than psychological counseling in 1987 and 1988 related to the alcohol treatment, plaintiff testified that she received no further psychological or psychiatric evaluations or treatment of any kind until after the accident.

Particularly in light of the lack of evidence of any prior existing relevant limitations, the parties' conflicting proof "gives rise to a dispute among experts for the jury to decide" (*Haddadnia v Saville*, 29 AD3d 1211, 1212 [2006]). Viewing the evidence in the light most favorable to plaintiffs (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]), issues of fact are posed as to whether plaintiff suffered a causally-related serious injury within the meaning of the Insurance Law (*see Pommells v Perez*, 4 NY3d at 577; *Armstrong v Morris*, 301 AD2d 931, 933 [2003]).

Rose, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is reversed, with costs, and motion denied.