■ MICHAEL D. KRANIS, Appellant, v DOLORES BIEDERBECK, Respondent. [920 NYS2d 725]—

In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 19, 2010, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the infant, Ryan Biederbeck, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

"Although 'a causally-related emotional injury, alone or in combination with a physical injury, can constitute a serious injury' " within the meaning of Insurance Law § 5102 (d) (*Villeda v Cassas*, 56 AD3d 762, 762 [2008], quoting *Taranto v McCaffrey*, 40 AD3d 626, 627 [2007]), such injury must be serious and verifiable, and must also be established by objective medical evidence (*see Bissonette v Compo*, 307 AD2d 673, 674 [2003]; *see also Bovsun v Sanperi*, 61 NY2d 219, 231-232 [1984]; *Krivit v Pitula*, 79 AD3d 1432, 1432 [2010]; *Chapman v Capoccia*, 283 AD2d 798 [2001]).

Here, the defendant established her prima facie entitlement to judgment as a matter of law by demonstrating that the infant,

Ryan Biederbeck (hereinafter the infant), did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Licari v Elliott*, 57 NY2d 230 [1982]; *Bissonette v Compo*, 307 AD2d at 674; *cf. Small v Zelin*, 152 AD2d 690, 691 [1989]). The evidence submitted by the defendant in support of her motion established, prima facie, that there was no objective medical evidence to support the plaintiff's claim that the infant suffered from severe emotional distress or post-traumatic stress disorder as a result of the motor vehicle accident in which his father was killed. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiff's experts' affidavits and evaluation report were speculative and conclusory and did not raise a triable issue of fact as to the claim that the infant was suffering from a serious emotional injury (*see e.g. Graziano v Cooling*, 79 AD3d 803, 804-805 [2010]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.