The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants failed to adequately address the plaintiffs claim that as a result of the subject accident, he sustained certain psychological injuries constituting a serious injury within the meaning of Insurance Law § 5102 (d) (see Krayn v Torella, 40 AD3d 588 [2007]; see generally Kranis v Biederbeck, 83 AD3d *637 903 [2011]; Krivit v Pitula, 79 AD3d 1432 [2010]; Chapman v Capoccia, 283 AD2d 798 [2001]).
Accordingly, the Supreme Court should have denied the defendants’ motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs opposition papers (see Krayn v Torella, 40 AD3d at 588). Skelos, J.P., Florio, Lott and Miller, JJ., concur.