A. W. v Palacios (2023 NY Slip Op 02716)

A. W. v Palacios

2023 NY Slip Op 02716

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-03727
 (Index No. 522577/16)

[*1]A. W., etc., et al., respondents,
v
Yolanda Palacios, et al., defendants, Howard Smith, et al., appellants.

Litchfield Cavo LLP, New York, NY (Mark A. Everett of counsel), for appellants.
Marcek Weisman, LLC, Brooklyn, NY (Ezra Holczer of counsel), for respondents.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, etc., the defendants Howard Smith and A.T.V., Inc., appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated March 29, 2022. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the third cause of action insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Howard Smith and A.T.V., Inc., for summary judgment dismissing the third cause of action insofar as asserted against them is granted.
In December 2016, a vehicle owned by the defendant A.T.V., Inc., and operated by the defendant Howard Smith collided with a vehicle operated by the defendant Yolanda Palacios at an intersection in Brooklyn. The impact of the collision caused Palacios's vehicle to strike the infant plaintiff, who was walking with his mother, the plaintiff Betty Wanounou. The plaintiffs thereafter commenced this consolidated action, inter alia, to recover damages for personal injuries, asserting, in the third cause of action, that Wanounou suffered emotional injuries as a result of being in the "zone of danger" when the infant plaintiff sustained serious injuries after being struck by the vehicle operated by Palacios. Smith and A.T.V., Inc. (hereinafter together the defendants), moved for summary judgment dismissing Wanounou's zone of danger cause of action insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In opposition, the plaintiffs argued that Wanounou's zone of danger cause of action is an independent common-law claim not subject to Insurance Law § 5102(d), and that she suffered emotional injuries sufficient to support that cause of action. The Supreme Court, among other things, denied the defendants' motion. The defendants appeal.
The Supreme Court erred in denying the defendants' motion for summary judgment dismissing the third cause of action insofar as asserted against them. Regardless of whether Wanounou's zone of danger cause of action is subject to the serious injury threshold imposed by Insurance Law §§ 5104(a) and 5102(d) or may proceed as an independent common-law claim subject to the standard set forth in Bovsun v Sanperi (61 NY2d 219), the defendants' submissions [*2]established, prima facie, that Wanounou did not suffer an actionable emotional injury (see id.; Kranis v Biederbeck, 83 AD3d 903). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the plaintiffs' contention, under the circumstances of this case, evidence that Wanounou was diagnosed with generalized anxiety disorder did not raise a triable of fact as to whether she suffered a serious emotional injury (see Bovsun v Sanperi, 61 NY2d at 231) . Wanounou's diagnosis was based on symptoms which she self-reported during a single psychiatric examination conducted nearly two years after the subject accident, and the plaintiffs' expert did not observe Wanounou to otherwise suffer any psychotic symptoms (see e.g. Kranis v Biederbeck, 83 AD3d 903; cf. Lee v WC Contr. Servs., Inc., 209 AD3d 1002; Krivit v Pitula, 79 AD3d 1432). Accordingly, the defendants' motion for summary judgment dismissing the third cause of action insofar as asserted against them should have been granted.
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., IANNACCI, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court