Ravi S.A. v Gyebi (2026 NY Slip Op 01840)

Ravi S.A. v Gyebi

2026 NY Slip Op 01840

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Index No. 29650/17|Appeal No. 6191|Case No. 2025-03694|

[*1]Ravi S.A. et al., Appellants,
vThompson Gyebi et al., Respondents.

The Law Office of Jason Tenenbaum, P.C., Huntington Station (Jason Tenenbaum of counsel), for appellants.
Law Office of Eric D. Feldman, New York (Evy Kazansky of counsel), for respondents.

Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ.

6191
Ravi S. A. et al.,
Plaintiffs-Appellants,
-against-
Thompson Gyebi et al.,
Defendants-Respondents.
Index No. 29650/17

Case No. 2025-03694

The Law Office of Jason Tenenbaum, P.C., Huntington Station (Jason Tenenbaum of counsel), for appellants.
Law Office of Eric D. Feldman, New York (Evy Kazansky of counsel), for respondents.
Judgment, Supreme Court, Bronx County (Patsy Gouldborne, J.), entered May 28, 2025, dismissing the complaint, and bringing up for review an order, same court and Justice, entered June 5, 2024, which, to the extent appealed from as limited by the briefs, granted so much of defendants' motion as was for summary judgment dismissing infant plaintiff J.A.'s claims that her post-traumatic stress disorder (PTSD) constituted a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent consequential limitation of use and significant limitation of use categories, and denied plaintiff J.A.'s cross-motion for partial summary judgment on the issue of serious injury on those claims, unanimously reversed, on the law, without costs, the judgment vacated, and the order modified to deny so much of defendants' motion as was for summary judgment dismissing the significant limitation of use claim, and otherwise affirmed, without costs. On this Court's own motion, the Clerk is directed to seal the record on appeal due to the presence of unredacted confidential personal information (Uniform Rules for Trial Cts [22 NYCRR] § 202.5[e][2]).
Plaintiff's appeal is not untimely. Although plaintiff never noticed an appeal from the order, the notice of appeal from the judgment, which was timely filed, makes reviewable the nonfinal order, which, in granting summary judgment to defendant, necessarily affects the final judgment (CPLR 5501[a][1]; see e.g. Guzman v City of New York, 228 AD3d 558, 559 [1st Dept 2004]). In addition, there was no limitation on plaintiff's time to enter judgment, and defendants should not be heard to complain when they could have entered judgment themselves (see Helfant v Sobkowski, 174 AD2d 340, 341 [1st Dept 1991]).
Defendants established their entitlement prima facie to summary judgment only on their claim that the infant plaintiff did not suffer a permanent consequential limitation of use. Their moving papers demonstrated that, following the accident, the infant plaintiff treated her PTSD with a therapist for only a few months, then with an alleged psychologist, also only for a few months, after which the infant plaintiff's mother (who is not a mental health professional) withdrew her from therapy and decided to treat the infant plaintiff herself. Thus, defendants identified an effective cessation of the infant plaintiff's treatment (see Pommells v Perez, 4 NY3d 566, 572 [2005]; Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906 [2013]).
Plaintiff failed to establish an issue of fact. Neither of the experts who examined the infant plaintiff reconciled the mother's decision to cease treatment with the therapist's recommendation that the infant plaintiff would benefit from additional counseling (see e.g. Fernandez v Sukhdeep, 245 AD3d 630, 632 [1st Dept 2026] [the plaintiff's doctor's opinion that the plaintiff had achieved maximum benefits from surgery and therapy was contradicted by records that consistently recommended continued treatment and physical therapy, and thus did not adequately explain the cessation of treatment]), nor did they offer any opinion as to whether any treatment the infant plaintiff received at home from her mother sufficed to address her ongoing symptoms. Accordingly, the claim for permanent consequential limitation of use was properly dismissed (see e.g. Solano v American United Transp. Inc., 243 AD3d 497, 497-498 [1st Dept 2025]).
However, defendants, who did not have an expert evaluate the infant plaintiff, failed to establish prima facie that the infant plaintiff's PTSD is not a significant limitation of use under Insurance Law § 5102 (d). Rather, the evidence that defendants submitted in support of their motion, which consisted of some of the infant plaintiff's treatment records from her initial therapist, as well as her and her mother's deposition testimony, identifies a child who was traumatized by, and after, the accident, made some progress in therapy, but regressed as well, and continues to experience a variety of PTSD symptoms that impact her life. We note that defendants adopted the mother and daughter's deposition testimony as accurate by submitting it in support of their motion (see e.g. Kassai v Trump Mgt. Inc., 242 AD3d 602, 602 [1st Dept 2025]). Defendants' interpretation of this evidence as not supporting a claim of serious injury, unsupported by any expert opinion, goes to the weight to be afforded thereto, but not its legal sufficiency. Accordingly, defendants should not have been granted summary judgment dismissing the infant plaintiff's claim of significant limitation of use, without regard to the sufficiency of the opposing papers (see Pullman v Silverman, 28 NY3d 1060, 1062 [2016]).
Nevertheless, the infant plaintiff was properly denied partial summary judgment on the issue of whether her PTSD constituted a significant limitation of use. Causally related emotional injuries can constitute serious injuries under Insurance Law § 5102 (d) if they are serious, verifiable, and established by objective medical evidence (see Bissonette v Compo, 307 AD2d 673, 674 [3d Dept 2003]). "Serious," in this context, means severe, pervasive, or debilitating, as opposed to transient, temporary, "minor, mild[,] or slight" (Licari v Elliott, 57 NY2d 230, 236 [1982]). On this record, we cannot say that the infant plaintiff established, as a matter of law, that her PTSD was sufficiently serious in this manner (compare e.g. Fillette v Lundberg, 150 AD3d 1574, 1578-1579 [3d Dept 2017]; Chapman v Capoccia, 283 AD2d 798, 800 [3d Dept 2001]). Neither of her expert psychologists established prima facie medical findings of resulting limitations. Although courts have recognized that mental health conditions like PTSD are not always amenable to diagnostic testing (see Krivit v Pitula, 79 AD3d 1432, 1434 [3d Dept 2010]; Chapman, 283 AD2d at 800), here both of the infant plaintiff's expert psychologists administered forms of objective testing, namely the Trauma Symptom Checklist for Children and the Child PTSD Symptom Scale for DSM-V (CPSS-V SR). However, both experts only identified one or two mild clinically significant findings on each instrument, which also was insufficient to establish a serious injury as a matter of law (cf. e.g. Ampofo v Key, 168 AD3d 601, 602 [1st Dept 2019]; Ogando v National Frgt., Inc., 166 AD3d 569, 570 [1st Dept 2018]). Accordingly, the infant plaintiff also was properly denied partial summary judgment on the issue of serious injury without regard to the sufficiency of defendants' opposition papers (see Pullman, 28 NY3d at 1062).
Finally, because portions of the record contain the infant plaintiff's unredacted name and date of birth, in violation of 22 NYCRR 202.5 (e) (1) (ii) and (iii), the record should be sealed in order to protect her confidential personal information (22 NYCRR 202.5 [e][2]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026