■ BRENDA L. HENDERSON, Appellant, v RAYMOND J. HENDERSON, JR., et al., Respondents.—Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Duskas, J.), entered January 11, 1990 in Franklin County, which granted defendants' motion to dismiss the complaint, and (2) from the judgment entered thereon.

The primary question presented on this appeal is whether Supreme Court properly granted defendants' motion to dismiss the complaint made subsequent to the parties' opening statements based on statements by plaintiff's counsel in open court demonstrating a lack of medical proof that plaintiff sustained a "serious injury" within the meaning of Insurance Law § 5104 (a) and § 5102 (d). In our view Supreme Court properly granted defendants' motion. Accordingly, the order and judgment should be affirmed.

The instant case arose out of a one-car auto accident in which plaintiff, a passenger, allegedly sustained personal injuries on September 25, 1980. This action was eventually commenced and finally came on for a jury trial in Supreme Court on December 15, 1989.

The record reveals that subsequent to the completion of opening statements by opposing counsel, plaintiff made a motion to prohibit defense counsel from inquiring of plaintiff's expert medical witness, Glenn Champagne, concerning his findings and opinion regarding plaintiff's injuries expressed in his letter dated February 21, 1982 to plaintiff's then counsel. Champagne's letter detailed, generally, his health contacts with plaintiff since the accident and stated that since the time of the delivery of her daughter on June 29, 1981:

"she has been seen multiple times in the office (in excess of once a month on the average), and while she occasionally has related that some of her symptoms have 'started with my accident or have become worse since my accident', there has been no objective evidence to relate her complaints, symptoms, or worsening of either to any specific trauma that might have occurred at that time.

"She continues to have multiple problems, the cause of which are long standing and complicated and continue to be followed by us and Doctor [Massoud] Azar".

A letter from Azar, to plaintiff's counsel, dated February 1,

1983, stated that Azar examined plaintiff on October 30, 1980 at the request of Champagne and that his examination: "did not disclose any evidence of trauma to the central or peripheral nervous system. She has continued, up to the present, to present hysterical findings." These letters were furnished to defense counsel through authorizations obtained from plaintiff.

Defense counsel moved for dismissal of the complaint asserting that plaintiff, relying on Champagne's testimony, could not prove her case. Supreme Court agreed with defendants' position and granted the motion to dismiss, finding that there would be no evidence of any objective findings "that would constitute a serious physical injury".

Courts traditionally approach a motion to dismiss the complaint following the completion of opening statements "with great caution" *(see, De Vito v Katsch,* 157 AD2d 413, 416). "If, nonetheless, on the opening it becomes obvious that the suit cannot be maintained because it lacks a legal basis or, when taken in its strongest light, cannot succeed, the court has the power to dismiss" *(supra,* at 418). The complaint here is defeated by the candid statements of plaintiff's counsel regarding the nature and extent of plaintiff's expert medical proof. The proposed evidence does not establish that plaintiff sustained a "serious injury" (Insurance Law § 5104 [a]; § 5102 [d]; *see, Scheer v Koubek,* 70 NY2d 678, 679; *see also, Leschen v Kollarits,* 144 AD2d 122, 123; *Berben v Arain,* 124 AD2d 379, 381).

The statement by plaintiff's counsel that Champagne might change his opinion upon trial is highly speculative and insufficient, especially since Champagne reportedly said that he might not change his opinion at all *(see, Wood v Hein Trucking Corp.,* 115 AD2d 181, 183). Plaintiff's contention that the attorney-client privilege was violated in this case is also without merit.

Order and judgment affirmed, with costs. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.