■ WILLIAM W. JACOBS et al., Individually and as Parents and Natural Guardians of WILLIAM J. JACOBS, an Incapacitated Person, et al., Appellants, v M. PHILIP AMODEO, as Public Administrator of the Estate of BRADLEY C. BLACK, Deceased, et al., Defendants, and BETTER WAY HOLDING CORPORATION et al., Respondents. (And Three Other Related Actions.) [618 NYS2d 120] —White, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Beisner, J.), entered June 18, 1992 in Dutchess County, which granted a motion by defendants Better Way Holding Corporation, William Brosnan and East Fishkill Beverage Corporation for summary judgment dismissing the complaints and cross claims against them in action Nos. 1, 2 and 4.

On October 26, 1986, Christopher Winkler, then age 17, purchased two kegs of beer for a beer party from defendant William Brosnan, an officer and shareholder of defendant East Fishkill Beverage Corporation, which is located on premises

owned by defendant Better Way Holding Corporation (hereinafter collectively referred to as defendants). During the course of the party, a third keg was purchased from defendants by Thomas Pendelton, who was then 23 years of age. After leaving the party, Bradley Black, who was allegedly under 21 years of age and intoxicated, was involved in a tragic head-on automobile collision in which he and three teenagers were killed and two people were seriously injured.

Thereafter, plaintiffs commenced these actions against, among others, defendants asserting causes of action pursuant to General Obligations Law §§ 11-100 and 11-101 and in negligence. These appeals ensued following Supreme Court's award of summary judgment to defendants. For the reasons stated below, we affirm.

It is now well established that liability under General Obligations Law §§ 11-100 and 11-101 may be imposed only upon those who unlawfully supply alcoholic beverages to the very person whose intoxication caused the injury *(see, Sherman v Robinson,* 80 NY2d 483; *Dodge v Victory Mkts.,* 199 AD2d 917). Here, it is undisputed that defendants did not sell beer to Black. Plaintiffs nevertheless argue that liability should be imposed upon defendants because the purchase of three kegs of beer should have put them on notice that it was intended to be consumed by others who were either underage or intoxicated. A like argument was rejected in *Sherman v Robinson (supra)* where the Court of Appeals stated that "[n]othing in the General Obligations Law imposed upon defendant a duty, merely because a quantity of alcoholic beverages was purchased, to investigate possible ultimate consumers * * * beyond its doors" *(supra,* at 488). Plaintiffs' additional argument that defendants unlawfully assisted in procuring the beer for Black also lacks substance as there is no proof that defendants knew or could have inferred that the beer was being purchased for him *(see, Reickert v Misciagna,* 183 AD2d 151, 155).

Finally, plaintiffs cannot establish a negligence cause of action against defendants for the reason that defendants did not owe a legal duty to them *(see, Sherman v Robinson, supra,* at 489).

Cardona, P. J., Casey and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.