■ KAREN E. ARMSTRONG, Respondent, v LEON B. MORRIS et al., Appellants. [754 NYS2d 420] —Mugglin, J. Appeal from an order of the Supreme Court (Castellino, J.), entered May 10, 2002 in Schuyler County, which denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking damages for personal injuries sustained in a December 1997 multiple vehicle accident involving defendants. Following discovery, defendants moved for summary judgment on the basis that plaintiff did not suffer a serious injury as defined by Insurance Law § 5102 (d). Supreme Court denied defendants' motions, finding that although defendants presented prima facie evidence that plaintiff had not suffered a serious injury, the objective medical evidence submitted by plaintiff raised triable issues of fact regarding her alleged injuries. Defendants appeal.

Initially, it is noted that plaintiff has failed to identify which serious physical injury category, as delineated under Insurance Law § 5102 (d), encompasses her alleged injuries. Upon full review of the record, however, it is clear that the only catego-

ries possibly implicated in this case are "permanent consequential limitation of use of a body organ or member" or "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]).

It is well settled that defendants, as the parties seeking summary judgment, "had the initial burden of 'presenting evidence in admissible form warranting a finding, as a matter of law, that plaintiff did not sustain an Insurance Law § 5102 (d) serious injury'" (*Santos v Marcellino*, 297 AD2d 440, 441, quoting *Blanchard v Wilcox*, 283 AD2d 821, 822; *see Markel v Scavo*, 292 AD2d 757, 758). Defendants met their burden through a medical report and affidavit from their examining physician, who concluded that the physical limitations connected to plaintiff's neck injury were "minimal to mild at best" and that plaintiff did not "fit[ ] the standard for serious injury." Thus, the burden shifted to plaintiff to demonstrate the existence of a triable issue of fact, through competent medical evidence based on objective findings and diagnostic tests (*see Bednar v Eaton*, 294 AD2d 780, 780; *Monk v Dupuis*, 287 AD2d 187, 189; *Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 769). A plaintiff, to differentiate between a mild or moderate injury and a serious injury, may prove the extent or degree of physical limitation in two ways. First, "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350). Second, "[a]n expert's *qualitative* assessment of a plaintiff's condition also may suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*id.* at 350 [emphasis in original]).

Here, plaintiff has submitted no expert evidence which quantifies her loss of range of motion, if any. We therefore examine her chiropractor's reports to determine if the qualitative evaluation of her condition has an objective basis and a comparison has been made between plaintiff's condition and a normal condition of her neck and back. In this regard, plaintiff's treating chiropractor opined that plaintiff suffers from spinal curvature, spinal misalignment and chronic cervical and thoracic strain, caused by an overextension of muscles and ligaments during the motor vehicle accident. These conditions have caused plaintiff great neck pain and have impaired her daily activities, including athletic activities, gardening, picking up her daughter, working with her arms over her head and sitting or standing for an extended period of time. He further stated

that plaintiff's injuries, and their limitation on her daily activities, are permanent in nature. He based his diagnosis on an X ray and his personal examination and treatment of plaintiff on approximately 60 different occasions, during which he subjected her to spine palpations, cervical and shoulder compression tests, percussion tests and spine manipulation. These procedures produced the objective findings of muscle spasm and vertebrae misalignment, the latter when being realigned often producing an audible pop or snap (*compare Nitti v Clerrico*, 98 NY2d 345). Moreover, the doctor's report makes a comparison between plaintiff's condition and a normal functioning neck by opining that her pain will continue to impair her performance of ordinary daily activities which she will either avoid or accomplish only with pain.

Viewing this evidence in a light most favorable to plaintiff, as the nonmoving party (*see Ward v Edinburg Mar.*, 293 AD2d 887, 888; *Tufano v Morris*, 286 AD2d 531, 533), we find that issues of fact exist as to whether plaintiff's neck injuries amount to a "permanent consequential limitation" or a "significant limitation of use," since plaintiff has at least raised a factual issue that her injuries are "more than 'a mild, minor or slight limitation of use' " (*Mikl v Shufelt*, 285 AD2d 949, 950, quoting *King v Johnston*, 211 AD2d 907, 907; *see Murphy v Arrington*, 295 AD2d 865, 866-867).

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.