■ GREGORY L. MARTIN et al., Respondents, v PAULA FITZPATRICK, as Executor of EDWARD JONES, Deceased, Appellant. [799 NYS2d 285]—

Spain, J. Appeal from an order and judgment of the Supreme Court (Cannizzaro, J.), entered June 16, 2004 in Albany County, upon a decision of the court in favor of plaintiffs.

Plaintiff Gregory L. Martin (hereinafter plaintiff) and his wife, derivatively, commenced this action alleging that plaintiff sustained serious injuries within the meaning of Insurance Law § 5102 (d) when his vehicle, stopped at a traffic light, was hit from the rear by a vehicle driven by Edward Jones.* Following a nonjury trial, Supreme Court rendered a verdict in plaintiffs' favor, finding plaintiff had sustained serious injury under three statutory categories: permanent consequential limitation of use, significant limitation of use and the 90/180-day category. The court concluded that the accident severely exacerbated plaintiff's preexisting but asymptomatic arthritis in his back, crediting plaintiff's testimony and that of plaintiff's treating chiropractor and the carrier's chiropractor who performed several independent medical exams of plaintiff. Plaintiff was awarded $70,000 for past pain and suffering and $125,000 for future pain and suffering and plaintiff's wife was awarded $15,000 and $10,000 for past and future loss of consortium, respectively. Defendant now appeals, and we affirm.

We reject as unfounded defendant's initial claim that due to the insufficiency of plaintiffs' proof of serious injury defendant was entitled to judgment under CPLR 4401 dismissing the complaint as a matter of law at the close of plaintiffs' proof. On

* Jones died prior to the trial and Paula Fitzpatrick, the executor of his estate, was substituted as defendant.

such a motion, the evidence is viewed most favorably to plaintiffs, who are entitled to "every favorable inference which may properly be drawn from the evidence [and] [o]nly if . . . there is no rational process by which the factfinder could base a finding in favor of [plaintiffs], is judgment dismissing their [complaint] as a matter of law appropriate" (*Butler v New York State Olympic Regional Dev. Auth.*, 292 AD2d 748, 750 [2002] [citations omitted]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]).

So viewed, the testimony established that, prior to the November 15, 2000 accident, plaintiff held two full-time jobs requiring physical labor, as a barber and a cleaning supervisor, at which he worked over 13 hours per day, five days per week. After the accident, plaintiff was treated by a chiropractor, Eric Luper, for two years, who testified that as a result of the trauma of the accident, plaintiff sustained significant and permanent limitations on the use of his cervical and lumbar spine. While physical therapy and treatment brought some improvement, by mid 2001, repeated range of motion tests consistently demonstrated a 21% to 23% loss in his cervical range and a 36% loss to his lumbar range, reflecting permanency. Aside from the range of motion tests, Luper's opinions were supported by objective medical tests, including an MRI of the cervical and lumbar spine, reflecting herniated discs, neuritis and radiculitis and sprain. An EMG reflected cervical root irritation. Luper opined that the test results were consistent with his diagnoses and plaintiff's symptoms, as well as his exam of plaintiff and the range of motion test results (*see Durham v New York E. Travel*, 2 AD3d 1113, 1114-1115 [2003]; *cf. Burford v Fabrizio*, 8 AD3d 784, 785-786 [2004]). Luper opined that plaintiff's symptoms and injuries were causally related to the accident and were not attributable to his preexisting degenerative condition (*see Chunn v Carman*, 8 AD3d 745, 747 [2004]; *cf. Pommells v Perez*, 4 NY3d 566 [2005]; *Franchini v Palmieri*, 1 NY3d 536, 537 [2003]).

Luper's testimony about the extent and cause of plaintiff's injuries was corroborated by the testimony of an independent chiropractor who examined plaintiff on several occasions for the no-fault carrier, duplicating the range of motion loss and detecting muscle spasms upon palpation. We find that plaintiffs' submissions provided both a quantitative and a qualitative assessment of plaintiff's condition demonstrating the extent and degree of his physical limitations, supported by the requisite objective proof, upon which a factfinder could base a finding in favor of plaintiffs on the permanent and significant limitation

of use categories thereby warranting the denial of defendant's motion for a directed verdict at the close of plaintiffs' proof (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *cf. Dabiere v Yager*, 297 AD2d 831, 832 [2002], *lv denied* 99 NY2d 503 [2002]).

With regard to the 90/180-day category of serious injury, we reach the same conclusion based upon the testimony of plaintiff and his wife and that of Luper establishing that, as a result of plaintiff's impairment, his usual activities, including work, were extensively curtailed, i.e., "to a great extent rather than some slight curtailment" (*Licari v Elliott*, 57 NY2d 230, 236 [1982]). Luper testified that due to plaintiff's cervical and lumbar impairment, he was unable to work at all for three months following the accident, during which he was instructed to limit walking, standing and sitting to 30 minutes and not lift more than 10 pounds. He was then cleared for light duty work, but remained restricted as to lifting and sitting, restrictions which remained medically necessary and determined to be permanent about 18 months after the accident when he was unable to work more than 20 hours per week, four hours per day (*see Nichols v Turner*, 6 AD3d 1009, 1011-1012 [2004]; *Badger v Schinnerer*, 301 AD2d 853, 854 [2003]; *Monk v Dupuis*, 287 AD2d 187, 190-192 [2001]).

Next, we address defendant's challenge to Supreme Court's factual and credibility determinations and her request that we set aside the verdict as contrary to the weight of the evidence and as insufficiently supported. On our review of a verdict after a bench trial, we independently review the weight of the evidence and may grant the judgment warranted by the record, while according due deference to the trial judge's factual findings particularly where, as here, they rest largely upon credibility assessments (*see Butler v New York State Olympic Regional Dev. Auth.*, 307 AD2d 694, 695 [2003]; *Shawangunk Conservancy v Fink*, 305 AD2d 902, 903-904 [2003]). We find that the court's factual findings fully comport with a fair and reasonable interpretation of the evidence, including that, prior to this accident, plaintiff's preexisting back condition was not significant and was asymptomatic and that he received only incidental, brief treatment for his back the year before the accident, when he received treatment for a knee injury, and had been discharged feeling fine (*see id.*). Despite defendant's contentions, we discern no basis upon which to disturb the court's determination to discredit the opinion of defendant's expert, an orthopedic surgeon who examined plaintiff once, based upon the court's finding that the expert was biased and

determined to diminish and disregard the objective findings reflected in the diagnostic tests (*see New York Tel. Co. v Harrison & Burrowes Bridge Contrs.*, 3 AD3d 606, 608 [2004]). Plaintiff's testimony, which the court fairly credited, supported its conclusions regarding the dormant nature and extent of plaintiff's preexisting back condition and prior treatment, and Luper testified that his diagnoses and opinion regarding causation were unaffected by plaintiff's neglect to report that prior treatment. As the court's findings, which defendant now disputes, are based upon sufficient evidence and a fair and reasonable interpretation of witness credibility, we affirm them and the verdict in favor of plaintiffs (*see id.*; *Butler v New York State Olympic Regional Dev. Auth.*, 307 AD2d 694, 695 [2003], *supra*).

Finally, in view of the extent, duration and permanence of plaintiff's injuries and the substantial restrictions on his ability to work and to engage in other normal daily activities, we do not find that the award of damages is excessive as it does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *see also Jones v Davis*, 307 AD2d 494, 497 [2003], *lv dismissed* 1 NY3d 566 [2003]; *Laguesse v Storytown U.S.A.*, 296 AD2d 798, 801 [2002]; *cf. Deyo v Laidlaw Tr.*, 285 AD2d 853, 854 [2001]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order and judgment is affirmed, with costs.