BARBARA J. REMILLARD et al., Appellants, v LOUIS WILLIAMS, INC., Doing Business as QUALITY INN GRANDVIEW, Respondent. [872 NYS2d 256]—

Peters, J.P. Appeal from an order of the Supreme Court (Demarest, J.), entered November 13, 2007 in St. Lawrence County, which denied plaintiff Barbara J. Remillard's motion to set aside a verdict in favor of defendant.

In January 2002, Donald Zulauf and his wife attended a Christmas party at the Quality Inn Grandview, a hotel owned by defendant in the City of Ogdensburg, St. Lawrence County. Zulauf, who had consumed four to five beers during the afternoon leading up to the party, drank several more during the event. As Zulauf's wife was driving the couple home, an argument ensued. Instead of driving home, the wife drove to her mother's house, and left Zulauf in the vehicle. While attempting to drive himself home, Zulauf was involved in a motor vehicle accident with plaintiff Barbara J. Remillard (hereinafter plaintiff), which ultimately resulted in his conviction of driving while intoxicated.

Plaintiffs commenced this action against defendant, among others, alleging that it violated General Obligations Law § 11-101 by serving alcohol to Zulauf while he was visibly intoxicated. The action was tried to a jury, which returned a special verdict in favor of defendant. Plaintiff thereafter moved to set aside the verdict on the ground that it was against the weight of the evidence and on the basis of juror misconduct. Supreme Court denied the motion in all respects, prompting this appeal.

Plaintiffs contend that Supreme Court improperly denied the

motion to set aside the verdict as against the weight of the evidence. General Obligations Law § 11-101 "provides a cause of action for injuries caused by 'any intoxicated person' against a person who unlawfully sells alcoholic beverages to or unlawfully assists in procuring alcoholic beverages for 'such intoxicated person' " (*Sherman v Robinson*, 80 NY2d 483, 486 [1992], quoting General Obligations Law § 11-101 [1]). The Alcoholic Beverage Control Law, as relevant here, makes it unlawful for any person to furnish alcohol to, or assist in the procurement of alcohol for, "[a]ny visibly intoxicated person" (Alcoholic Beverage Control Law § 65 [2]).

Here, although plaintiffs presented extensive evidence to establish that Zulauf was visibly intoxicated while at the party, there was no evidence that defendant's employees sold or supplied alcohol directly to Zulauf. General Obligations Law § 11-101 "is explicit in limiting liability for injuries caused by an intoxicated [individual] to the unlawful supply of alcoholic beverages *to that person*" (*Sherman v Robinson*, 80 NY2d at 487; *see Jacobs v Amodeo*, 208 AD2d 1171, 1172 [1994]). Uncontroverted testimony of Zulauf and his wife revealed that he never went to the bar to purchase an alcoholic beverage nor was he ever served any drinks by defendant's staff; rather, his wife and coworkers purchased beer for him throughout the evening. Nor do we find any compelling facts or circumstances "from which the requisite knowledge [of defendant] could reasonably be inferred" that the alcoholic beverages were actually being purchased for Zulauf (*Sherman v Robinson*, 80 NY2d at 488; *accord Kindzierski v Foster*, 217 AD2d 998, 999 [1995]; *see Ahigian v Davis*, 6 AD3d 956, 957 [2004], *lv denied* 3 NY3d 608 [2004]; *Jacobs v Amodeo*, 208 AD2d at 1172). The evidence established that there were more than 200 people at the party and that, other than mingling with a few coworkers, Zulauf remained seated at his table for most of the event. Further, the two bartenders working on the night of the incident, although unable to specifically recall the details of the party, testified that their view of the tables within the room would often be obstructed by people standing at the bar and that it was not uncommon for an individual to purchase more than one beverage or a "round" of drinks for a group of people. As there was no evidence of a direct sale to Zulauf, and the jury could have reasonably concluded that defendant's staff neither knew nor could have inferred that alcoholic beverages were being supplied to him, we find that the evidence did not so preponderate in plaintiffs' favor that the verdict could not have been reached by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Kithcart v Mason*, 51 AD3d 1162, 1164 [2008]).

Plaintiffs also assert that Supreme Court erred in denying the motion to set aside the verdict on the ground of juror misconduct. Specifically, plaintiffs allege that one of the jurors was the probation officer for one of plaintiff's sons at the time of the trial and that the juror's failure to disclose this fact during voir dire constitutes juror misconduct, warranting a new trial. " 'To succeed in setting aside a verdict of the jury on the ground that a juror had not truthfully responded to questions put to him [or her], the moving party must show concealment of facts, bias or prejudice' " (*Matter of Buchanan*, 245 AD2d 642, 646 [1997], *lv dismissed* 91 NY2d 957 [1998], quoting *Holland v Blake*, 38 AD2d 344, 346 [1972], *affd* 31 NY2d 734 [1972] [citation omitted]).

Here, the questions asked of the jury during voir dire were not stenographically recorded and the parties dispute whether the prospective jurors were specifically asked whether they knew any of the parties' immediate family members. Inasmuch as there is a conflict as to what was actually asked during voir dire, the allegation that the juror failed to truthfully answer the questions asked during voir dire is not sufficiently established. Further, while a prospective juror is also "obligated to volunteer information which he or she has reason to believe would render him [or her] unacceptable to the litigants" (*Matter of Buchanan*, 245 AD2d at 646), with no evidence that the juror was actually aware that plaintiff's son was one of her probationers, plaintiff has failed to sustain her burden of demonstrating that the juror deliberately and willfully failed to disclose this fact. Moreover, plaintiff neither alleged how the juror's purported knowledge of her son impacted the jury deliberations nor made a showing that such knowledge prejudiced her case (*see id.* at 646; *Peterson v Zuercher*, 198 AD2d 797, 798 [1993]; *Nicolla v Fasulo*, 161 AD2d 966, 968 [1990]; *see also Snediker v County of Orange*, 58 NY2d 647, 649 [1982]). As such, Supreme Court acted within its discretion in denying plaintiff's motion to set aside the verdict on this ground.

Rose, Kane and Kavanagh, JJ., concur; Spain, J., not taking part. Ordered that the order is affirmed, with costs.