Malone Jr., J.
Respondent was sentenced to consecutive periods of imprisonment upon his convictions of use of a child in a sexual performance and sodomy. In February 2009, when respondent was scheduled to be released from the correctional facility in which he had been confined, petitioner commenced this Mental Hygiene Law article 10 proceeding seeking, among other things, a judgment that respondent is a dangerous sex offender who requires civil management. In April 2011, following a nonjury trial at which respondent chose not to appear or present evidence, Supreme Court found that respondent is a detained sex offender with a mental abnormality (see Mental Hygiene Law §§ 10.03 [g], [i]; 10.07 [a]). Thereafter the court determined that respondent is a dangerous sex offender requiring confinement and ordered him to be committed to a secure treatment facility (see Mental Hygiene Law § 10.03 [e]). Respondent appeals.
Initially, the record belies respondent’s assertion that petitioner failed to establish by clear and convincing evidence that he suffers from a mental abnormality within the meaning of the Mental Hygiene Law (see Matter of State of New York v Kenneth BB., 93 AD3d 900, 901-902 [2012]; Matter of State of New York v Shawn X., 69 AD3d 165, 169-170 [2009], lv denied 14 NY3d 702 [2010]). At the hearing, petitioner presented the opinion of a psychologist who concluded, after personally evaluating respondent and reviewing his records, that respondent suffered from a mental abnormality. Specifically, the psychologist diagnosed respondent with pedophilia (nonexclusive type), which he stated is a sexual disorder characterized by “intense sexual arousing fantasies, urges or behaviors . . . with prepubescent children,” and paraphilia not otherwise specified (hereinafter NOS) nonexclusive type, which he explained is generally a sexual disorder involving similar urges and behaviors as pedophilia, except it may involve non-humans, sadomasochism or other deviant sexual behaviors. He also diagnosed respondent with a type of paraphilia called urophilia (sexual arousal from urine) and a paraphilia NOS called telephone scatologia (sexual arousal from making obscene phone calls). The psychologist opined that respondent’s behaviors met the criteria for each of those disorders. With respect to pedophilia, respondent had two felony convictions for incidents involving sexual contact with *1061 two boys, aged 11 and 12 at the time of the offense, and respondent had recurrent sexual contact with a young girl, beginning when she was eight years old. With respect to paraphilia NOS, respondent had exhibited a “wide range of sexual interests,” including beastiality, exhibitionism, bondage and sadomasochism. With respect to urophilia, respondent had asked a 12-year-old female to urinate into a cup, ejaculated into that cup and then drank the mixture, and, with respect to telephone scatologia, respondent had a lengthy history of making obscene phone calls to women, which caused him to have multiple criminal convictions for aggravated harassment. According to the psychologist, respondent’s disorders predispose him to committing sex offenses because he is unable to control his sexual urges and behaviors, is mentally preoccupied with sex and is sexually compulsive and hypersexual — all of which also increase his likelihood of reoffending.
The psychologist also administered a diagnostic evaluation designed to predict an individual’s risk of committing future sex offenses, and testified that respondent scored in the moderate to high risk range. A second psychologist reported that respondent scored in the high risk range. According to the expert evidence, respondent’s history of unstable interpersonal relationships, his refusal to comply with and complete sex offender treatment, and his reckless and remorseless personality— combined with his demonstrated history of being unable to control his sexual urges, impulses and behaviors — render respondent a danger to others if he is released into the community. All of this evidence provides clear and convincing evidence to support Supreme Court’s determination that respondent is a dangerous sex offender requiring confinement (see Matter of State of New York v Walter W., 94 AD3d 1177, 1178-1179 [2012], lv denied 19 NY3d 810 [2012]; Matter of State of New York v Richard VV., 74 AD3d 1402, 1404-1405 [2010]).
To the extent not specifically addressed, respondent’s remaining contentions have been considered and found to be unpersuasive.
Mercure, J.E, Rose, Spain and Garry, JJ., concur. Ordered that the order is affirmed, without costs.