In the Matter of STATE OF NEW YORK, Respondent, v DONALD DD., Appellant. [967 NYS2d 186]—

Peters, P.J. Appeal from an order of the Supreme Court (Lalor, J.), entered December 29, 2010 in Greene County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, to find respondent to be a dangerous sex offender and confined him to a secure treatment facility.

Respondent's history of sexually inappropriate behavior began at the age of nine, when he admitted to molesting three young girls and was declared a person in need of supervision. Since then, he has amassed an eclectic criminal record that includes numerous sex-related convictions. In 2004, he pleaded guilty to rape in the second degree and attempted rape in the second degree as a result of his sexual activity with two girls, aged 12 and 14. He was initially sentenced to a jail term of six months and a concurrent probation term of 10 years. Respondent raped an adult acquaintance shortly thereafter, resulting in a conviction for sexual abuse in the second degree and an admission that he had violated the terms of his probation. He subsequently admitted to violating the terms of his probation in other respects and was sentenced to a prison term of 1 to 3 years. He was paroled in 2008 and, shortly thereafter, allegedly raped his wife and sexually abused their two children. Respondent was then detained and charged with violating the terms of his parole by failing to register as a sex offender, disregarding his curfew and being in the presence of his children.

Petitioner commenced this proceeding pursuant to Mental Hygiene Law article 10 as respondent's latest release from custody neared, alleging that he is a sex offender requiring civil

management. Following a jury trial, respondent was determined to suffer from a mental abnormality as defined by Mental Hygiene Law § 10.03 (i). Supreme Court then conducted a dispositional hearing and found him to be a dangerous sex offender in need of confinement (*see* Mental Hygiene Law § 10.07 [f]). Respondent appeals.

Respondent initially contends that the jury's verdict was against the weight of the evidence, specifically asserting that the jury could not determine that he suffered from a mental abnormality because he suffers from a mental condition without any sexual component, namely, antisocial personality disorder with psychopathic traits. We disagree. The statutory definition of mental abnormality does not require any specific psychiatric diagnosis and "utilize[s] phraseology that, while informed by prevailing medical knowledge, is intended to have greater legal, and not medical, significance" (*Matter of State of New York v Shannon S.*, 20 NY3d 99, 106 [2012], *cert denied* 568 US —, 133 S Ct 1500 [2013]). This is because it is intended to further the legal aim of Mental Hygiene Law article 10 to require treatment for—and protect the public from—individuals who suffer from conditions that "predispose them to engage in repeated sex offenses" (Mental Hygiene Law § 10.01 [b]; *see Matter of State of New York v Shannon S.*, 20 NY3d at 106; *see e.g. Young v Murphy*, 615 F3d 59, 65-66 [1st Cir 2010]). A mental abnormality is, therefore, defined by statute as *any* condition "that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]). Indeed, it is precisely that difficulty in controlling behavior—when viewed in light of the nature and severity of the claimed mental abnormality—that distinguishes individuals subject to the provisions of Mental Hygiene Law article 10 "from the dangerous but typical recidivist convicted in an ordinary criminal case" (*Kansas v Crane*, 534 US 407, 413 [2002]; *see Young v Murphy*, 615 F3d at 65-66; *Commonwealth v Mazzarino*, 81 Mass App Ct 358, 369-370, 963 NE2d 112, 121-122 [2012], *review denied* 462 Mass 1109, 970 NE2d 333 [2012]).

Here, experts for both petitioner and respondent agreed that individuals suffering from antisocial personality disorder do not necessarily have a mental abnormality as defined by the Mental Hygiene Law. They also agreed, however, that the condition could constitute a mental abnormality if it predisposed the sufferer "to the commission of conduct constituting a sex offense

and [resulted] in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]). This is because antisocial personality disorder affects the emotional and volitional capacity of its sufferers by predisposing them to act upon their urges "in an aggressive manner." Petitioners' experts found respondent to have inappropriate sexual urges given his pattern of engaging in sex offenses, and that the disorder caused him to disregard any restraints he may have had against acting upon them. Those experts further opined that respondent's repeated commission of sex offenses demonstrated his serious difficulty in restraining those impulses, particularly because he acted upon them despite knowing that he was under supervision and having already undergone sex offender treatment. While respondent's expert minimized respondent's behavior in various respects and did not find him to suffer from a mental abnormality, those "issues were fully aired before the jury, [and] we defer to the jury's credibility determinations and conclude that its verdict is fully supported by the evidence" (*Matter of State of New York v James Z.*, 97 AD3d 1046, 1048 [2012], *lv denied* 20 NY3d 853 [2012]; *see Matter of State of New York v Timothy EE.*, 97 AD3d 996, 998 [2012]; *Matter of State of New York v Andrew J.W.*, 85 AD3d 805, 807 [2011]).

Contrary to respondent's further contention, Supreme Court properly denied his motion to set aside the jury's verdict. Respondent asserted that, during jury selection, one of the jurors failed to disclose that she was acquainted with his siblings. Even assuming that claim to have been sufficiently documented, respondent failed to show that he had been prejudiced by the claimed misconduct (*see Snediker v County of Orange*, 58 NY2d 647, 649 [1982]; *People v Dunbar Contr. Co.*, 215 NY 416, 426 [1915]; *Remillard v Louis Williams, Inc.*, 59 AD3d 764, 766 [2009]).*

We further find that clear and convincing evidence supports Supreme Court's determination that respondent is a dangerous sex offender requiring confinement. In opining that respondent was such an individual, petitioner's expert detailed the results of an actuarial risk assessment instrument that found respondent to be at a high risk to reoffend. The expert also stressed respondent's lengthy history of committing sex offenses—and particularly his pattern of committing them while under parole and probation supervision—as demonstrating his inability to

---

* The evidence indicated that, if anything, the juror's relationships with respondent's siblings biased the juror in respondent's favor. The juror purportedly stated that respondent was not a threat and, in fact, "was upset that he lost."

control his impulses. Respondent's expert attempted to call the justifications of petitioner's expert, and his ultimate opinion, into question. Nevertheless, after reviewing the conflicting testimony independently and according deference to Supreme Court's credibility assessments, we perceive no basis upon which to disturb the disposition (*see Matter of State of New York v Lonard ZZ.*, 100 AD3d 1279, 1281 [2012]; *Matter of State of New York v Peter Y.*, 99 AD3d 1059, 1061 [2012]).

Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.