## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 23, 2014                517347

_____

KATIE B. BENSON,

                        Respondent,

        v                                    MEMORANDUM AND ORDER

JODIE A. VARMETTE,

                        Appellant.

_____

Calendar Date:  September 8, 2014

Before:  McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

_____

        Bouvier Partnership, LLP, Buffalo (Norman E.S. Greene of counsel), for appellant.

        William L. Nikas, Hudson Falls, for respondent.

_____

Rose, J.

        Appeals (1) from an order of the Supreme Court (Krogman, J.), entered November 20, 2012 in Warren County, which denied defendant's motion to set aside a verdict, and (2) from the judgment of said court, entered August 2, 2013 in Warren County, upon a verdict rendered in favor of plantiff.

        In this action to recover for personal injuries allegedly sustained in a motor vehicle accident, defendant stipulated to liability and the matter proceeded to trial on the issues of whether plaintiff sustained a serious injury pursuant to Insurance Law § 5102 (d) and damages.  Supreme Court denied defendant's motion for a directed verdict and the jury concluded that plaintiff had sustained a serious injury, awarding her $100,000 for over four years of past pain and suffering and $400,000 for future pain and suffering covering 52.4 years.

Defendant unsuccessfully moved to set aside the verdict on the grounds of juror misconduct and excessive damages, and now appeals from both the order denying her posttrial motion and the final judgment.

In our view, plaintiff submitted sufficient evidence from which the jury could rationally conclude that she sustained a significant limitation of the use of her cervical spine. She presented expert medical evidence from Charles Gordon, her pain management physician, supported by objective tests and imaging studies, that the accident caused muscle spasms in her neck, reduced curvature of her cervical spine, crepitus, injury to her facet joints and a bone spur. Gordon opined that the accident caused a cervical spine injury that resulted in 50% limitation of plaintiff's ability to push, pull, sit, reach and perform her activities of daily living. Gordon's expert testimony was supplemented by testimony from plaintiff's physical therapist that he also detected muscle spasms in her neck in the months following the accident, as well as plaintiff's own testimony about her continuing headaches and their debilitating effects. Based on the objective findings, Gordon related plaintiff's continuing headaches to the accident and concluded that her limited mobility and pain was permanent in nature and would progressively worsen. Affording plaintiff every favorable inference, there was evidence upon which the jury could conclude that she sustained a serious injury to her cervical spine under the significant limitation of use category and Supreme Court properly denied the motion for a directed verdict (see Martin v Fitzpatrick, 19 AD3d 954, 956-957 [2005]; Jones v Davis, 307 AD2d 494, 496 [2003], lv dismissed 1 NY3d 566 [2003]).[1]

---

[1]  While there was insufficient evidence to support a conclusion that plaintiff was prevented from performing substantially all of her customary daily activities for 90 of the first 180 days following the accident, plaintiff needed only to establish that she sustained a serious injury in one of the statutory categories in order to be entitled to recover all damages proximately caused by the accident (see Kelley v Balasco, 226 AD2d 880, 880 [1996]).

As for the award of damages, we cannot conclude that it is excessive.  In view of the nature, extent and duration of plaintiff's injuries, and the continuing treatment that she must endure, the jury's award does not deviate materially from what would be reasonable compensation (see Martin v Fitzpatrick, 19 AD3d at 958; Jones v Davis, 307 AD2d at 497-498).  Nor do we find error in the denial of defendant's motion to set aside the verdict on the basis of juror misconduct.  Defendant claimed, based on speculation and hearsay, that the jury foreperson failed to disclose that she knew plaintiff's mother and improperly affected the deliberations in plaintiff's favor.  In light of the lack of any evidence, however, that the foreperson intentionally withheld pertinent information during voir dire or that her purported relationship with plaintiff's mother had any impact on deliberations, we find no abuse of discretion in Supreme Court's summary denial of the motion to set aside the verdict based on juror misconduct (see Remillard v Louis Williams, Inc., 59 AD3d 764, 766 [2009]; Matter of Buchanan, 245 AD2d 642, 646 [1997], lv dismissed 91 NY2d 957 [1998]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order and judgment are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court