(October 29, 1992)

■ In the Matter of ANNA JAMES, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Francis N. Pecora, J.), entered April 19, 1991, which denied the petition seeking to annul a determination of the respondent New York City Housing Authority terminating the petitioner's tenancy for nondesirability, unanimously vacated, on the law, without costs, the proceeding is treated as one transferred to this Court pursuant to CPLR 7804 (g), and, upon review, the determination of the respondent New York City Housing Authority is annulled, only to the extent of directing that the penalty of termination of the petitioner's tenancy be vacated, in the exercise of discretion, and the proceeding is remitted to the New York City Housing Authority for reconsideration of the penalty imposed, and otherwise confirmed, without costs.

The 53 year old petitioner has been the tenant of an apartment in the Metro North Consolidation Housing Development since April 4, 1984. On November 4, 1985, she was arrested after she admitted setting a fire in her apartment on that date. The respondent New York City Housing Authority

("Housing Authority") commenced proceedings to terminate the petitioner's tenancy on January 23, 1987, alleging that her actions in purposely causing the fire constituted, *inter alia,* "a danger to the health and safety of the tenant's neighbors" and "a source of danger or cause of damage to the employees, premises or property of the Authority."

At a hearing conducted on the charges, a police officer testified that while firefighters were extinguishing the fire in her apartment, the petitioner was standing outside the building, leaning against a car, with an opened bottle of liquor in her hand. After she called out and stated that she had started the fire, she was arrested. A nurse from Metropolitan Hospital testified that the petitioner was diagnosed as an alcoholic and chronic paranoid schizophrenic who also had a history of heroin addiction. However, since March of 1987, the petitioner has been a member of a psychotherapy group and is taking medication. The nurse added that she has not detected any odor of alcohol on the petitioner's breath and believed that the petitioner was committed to her treatment. At the conclusion of the hearing, the Hearing Officer determined that the charges against the petitioner were sustained and recommended that her tenancy be terminated. On June 28, 1989, the Housing Authority adopted the findings of the Hearing Officer and ordered that the petitioner's tenancy be terminated on the ground of nondesirability.

The petitioner thereafter moved for a judgment, pursuant to CPLR article 78, annulling the determination of the Housing Authority terminating her tenancy. The Supreme Court, concluding that the determination of the Housing Authority was rational and supported by the evidence, dismissed the petition.

Since an issue of substantial evidence was raised in this proceeding, it was error for the Supreme Court to have entertained the issue rather than transfer the matter to this Court in the first instance (CPLR 7804 [g]; *Matter of Jimenez v Popolizio,* 180 AD2d 590). However, we may treat the substantial evidence issue de novo and decide all issues as if the proceeding had been properly transferred *(Matter of Jimenez v Popolizio, supra; Matter of King v McMickens,* 120 AD2d 351, *affd* 69 NY2d 840).

After reviewing the record as a whole, we find that the Hearing Officer's conclusion that the petitioner set the fire in her apartment was supported by substantial evidence *(Matter of Lahey v Kelly,* 71 NY2d 135; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). However, the penalty imposed was " 'so disproportionate to the offense, in

the light of all the circumstances, as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

While she may have legitimately been characterized as a danger to the safety of other tenants in 1985 when the fire occurred, any concern should have dissipated by 1987 when the charges were filed, and more certainly by June of 1989 when the Hearing Officer rendered his decision. No other incidents involving the petitioner have been reported since the one in 1985 *(see, Matter of Dickerson v Popolizio,* 168 AD2d 336). Although questions as to the petitioner's mental state remain, she has been participating in counseling sessions and is taking medication. There is no indication from the record that she has returned to illicit drugs or alcohol or that she poses a present risk to her neighbors or to the respondent's property *(see, Matter of Feliciano v Christian,* 69 AD2d 796; *cf., Matter of Forman v New York City Hous. Auth.,* 66 NY2d 899). Accordingly, the severe sanction of eviction was not warranted and we remit the matter for consideration of a more appropriate penalty.

We have considered the parties' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ross and Kassal, JJ.