■ DAVID DiCARIANO, Respondent, v COUNTY OF ROCKLAND et al., Appellants. [976 NYS2d 116]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Walsh II, J.), entered December 23, 2011, as denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside a jury verdict in favor of the plaintiff and against them on the issue of damages finding that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of

the subject accident and awarding the plaintiff damages, and for judgment as a matter of law.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict in favor of the plaintiff and against the defendants on the issue of damages finding that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and awarding the plaintiff damages, and for judgment as a matter of law, is granted.

On September 4, 2008, the plaintiff was walking across a street when he was "sideswiped" by a slow-moving bus driven by the defendant Rodney M. Wright, leased by the defendant Hudson Transit Lines, and owned by the defendant County of Rockland. The plaintiff commenced this personal injury action against the defendants, alleging, inter alia, that, as a result of the subject accident, he sustained a serious injury to his right knee under the significant limitation of use and permanent consequential limitation of use categories of Insurance Law § 5102 (d). Following a jury verdict in the plaintiff's favor on the issue of damages, among other things, finding that the plaintiff sustained a serious injury under each of these two categories, the defendants moved pursuant to CPLR 4404 (a), inter alia, to set aside the verdict and for judgment as a matter of law on the ground that the plaintiff failed to establish a prima facie case that he sustained a serious injury under either category. The trial court denied the motion.

"A motion for judgment as a matter of law pursuant to CPLR . . . 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see* CPLR 4404). In considering the motion, the opposing party's evidence must be accepted as true, and that party must be accorded every favorable inference that can reasonably be drawn therefrom (*see Tapia v Dattco, Inc.*, 32 AD3d at 844).

We agree with the defendants' contention that there was no valid line of reasoning and permissible inferences which, upon the evidence presented at trial, could possibly lead rational persons to the conclusion reached by the jury that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), and no rational process by which the jury could find

in favor of the plaintiff on the issue of whether he sustained a serious injury within the meaning of Insurance Law § 5102 (d). As for the significant limitation of use category, the plaintiff failed to establish that, after the subject accident, the limitation of the use of his right knee was both significant in degree and "existed for a sufficient period of time to rise to the level of 'significance' " (*Lively v Fernandez*, 85 AD3d 981, 982 [2011]). Indeed, to the extent the plaintiff established that the limitation of use of his right knee was significant in degree, the periods of limitation were nonetheless "fleeting in duration" (*Partlow v Meehan*, 155 AD2d 647, 648 [1989]). As for the permanent consequential limitation of use category, the plaintiff failed to establish that, during a "recent" examination, there was a limitation of motion to his knee that was of consequence (*Lively v Fernandez*, 85 AD3d at 982; *see Bacon v Bostany*, 104 AD3d 625, 628 [2013]; *Pecora v Lawrence*, 41 AD3d 1212, 1214 [2007]).

Accordingly, the trial court should have granted that branch of the defendants' motion which was pursuant to CPLR 4404 (a) to set aside the jury's verdict on the issue of damages finding that the plaintiff sustained a serious injury and awarding the plaintiff damages, and for judgment as a matter of law.

In light of our determination, we need not address the defendants' remaining contentions. Rivera, J.P., Angiolillo, Hall and Cohen, JJ., concur.