██ DEBORA RUMFORD, Respondent, v KAMALJIT SINGH et al., Appellants. [14 NYS3d 462]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Lane, J.), entered February 5, 2013, which, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case at a jury trial on the issue of damages, and a jury verdict on the issue of damages finding that the plaintiff sustained a serious injury under the significant limitation of use category of Insurance Law § 5102 (d), is in favor of the plaintiff and against them in the principal sum of $450,000.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed.

On the morning of June 27, 2008, the plaintiff was driving on Little Neck Parkway in Queens when her vehicle was struck in the rear by a taxicab owned and operated by the defendants. The plaintiff, who was wearing her seatbelt, alleges that the force of the impact caused her head to hit the steering wheel. However, she did not lose consciousness. The plaintiff was transported by ambulance to a hospital, where she was treated and released the same day. Although the plaintiff claims that she complained of a severe headache at the hospital, she was given no treatment for it. The plaintiff subsequently commenced this action to recover damages for personal injuries, alleging, inter alia, that she had suffered a traumatic brain injury as a result of the accident.

At a trial on the issue of damages, the plaintiff relied upon the testimony of a psychologist who was board-certified in the field of neuropsychology to establish that she had sustained a serious injury. The psychologist, who first examined the plaintiff more than eight months after the accident, performed a range of tests that evaluate different aspects of cognitive functioning, including memory and concentration. Based upon the "positive" results of these tests, and his interview with the plaintiff, the psychologist concluded that the plaintiff had sustained a concussive brain injury in the accident. The psychologist further testified that his conclusion that the plaintiff's concussive brain injury was causally related to the accident was based on her statements indicating that she had no complaints of cognitive difficulties prior to the accident, and her account of hitting her head on the steering wheel.

The defendants moved pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case, arguing that the psychologist's testimony was legally insufficient to establish that the plaintiff sustained a serious injury. The Supreme Court denied the motion. The jury returned a verdict finding that the plaintiff had suffered a serious injury under the significant limitation of use category of Insurance Law § 5102 (d). A judgment was thereafter entered in favor of the plaintiff and against the defendants in the principal sum of $450,000. The defendants appeal.

The Supreme Court erred in denying the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case. "A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted

only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Messina v Staten Is. Univ. Hosp.*, 121 AD3d 867 [2014]; *DiCariano v County of Rockland*, 111 AD3d 879, 880 [2013]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d at 556; *see Messina v Staten Is. Univ. Hosp.*, 121 AD3d 867 [2014]; *DiCariano v County of Rockland*, 111 AD3d at 880).

Applying this standard here, we conclude that there was no valid line of reasoning and permissible inferences which could have led the jury to conclude that the plaintiff sustained a serious injury under the significant limitation of use category of Insurance Law § 5102 (d). Although the plaintiff's expert psychologist testified, based upon the results of certain tests, that the plaintiff was suffering from deficits in cognitive functioning, he failed to identify any objective medical evidence to support his conclusion that the plaintiff had suffered a concussive brain injury (*see Feyler v Ketelsen*, 72 AD3d 738 [2010]; *Guzman v 4030 Bronx Blvd. Assoc. L.L.C.*, 54 AD3d 42 [2008]; *cf. Flanders v National Grange Mut. Ins. Co.*, 124 AD3d 1035 [2015]; *Viscusi v Ostrowski*, 25 Misc 3d 1213[A], 2007 NY Slip Op 52652[U] [Sup Ct, Schenectady County 2007], *affd for reasons stated* 53 AD3d 965 [2008]; *see also Kranis v Biederbeck*, 83 AD3d 903 [2011]; *Taranto v McCaffrey*, 40 AD3d 626 [2007]). Moreover, his finding that her neurological condition was causally related to the accident was speculative (*see Smith v Reeves*, 96 AD3d 1550 [2012]; *Clark v Basco*, 83 AD3d 1136 [2011]).

Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law and dismissed the complaint. Eng, P.J., Leventhal, Hall and Roman, JJ., concur.