■ JACQUELINE VACCARO, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [27 NYS3d 623]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated April 9, 2015, which granted that

branch of the defendants' motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against them on the issue of liability and for judgment as a matter of law dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when a vehicle she was operating was involved in an accident with a marked police vehicle operated by the defendant James R. Anson in his capacity as a Suffolk County Police Officer, at the intersection of Wavecrest Drive and Mastic Road in Mastic Beach. The plaintiff commenced this action against Anson, the County of Suffolk, and the Suffolk County Police Department. The action proceeded to trial, and the jury returned a verdict in favor of the plaintiff and against the defendants on the issue of liability.

Pursuant to CPLR 4404 (a), a court may, inter alia, set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law. In order for a court to do so, there must be no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Rumford v Singh, 130 AD3d 1002, 1003-1004 [2015]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see Rumford v Singh, 130 AD3d at 1004).

In the instant case, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and against them on the issue of liability and for judgment as a matter of law dismissing the complaint, as there existed no valid line of reasoning and permissible inferences from which the jury could rationally have found that Anson acted with reckless disregard for the safety of others when he was operating his police vehicle on the date of the subject accident (see Vehicle and Traffic Law § 1104 [e]; Frezzell v City of New York, 24 NY3d 213, 217-219 [2014]). Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.