■ RALPH R. PIRO et al., Respondents, v BRUCE DEMEGLIO, Appellant. [55 NYS3d 272]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Supreme Court, Nassau County (Palmieri, J.), dated April 16, 2015, which, upon an order of the same court entered June 23, 2014, granting that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as, upon finding that the defendant was negligent, found that such negligence was not a substantial factor in causing injury to the plaintiff Ralph R. Piro, and for judgment as a matter of law on the issue of liability, is in favor of the plaintiffs and against him on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

On April 16, 2010, the plaintiff Ralph R. Piro (hereinafter the plaintiff) was injured when an ammunition reloading device, owned by the defendant, exploded as the plaintiff at-

tempted to remove what was purportedly a "dead" cartridge from the device. The defendant had inadvertently jammed a live round in the device two months earlier and had attempted to remove the combustible components before bringing it to the plaintiff and seeking his assistance in removing the jammed cartridge. The plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries. Following a trial on the issue of liability, the jury returned a verdict finding that the defendant was negligent, but that his negligence was not a substantial factor in causing the accident. After the jury was discharged, the plaintiff moved, inter alia, pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law on the issue of liability. The Supreme Court granted that branch of the plaintiffs' motion.

Pursuant to CPLR 4404 (a), a court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law. In order for a court to do so, there must be no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Rumford v Singh*, 130 AD3d 1002, 1003-1004 [2015]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Rumford v Singh*, 130 AD3d at 1004).

Under the circumstances presented here, the Supreme Court properly granted that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law on the issue of liability, as there existed no valid line of reasoning and permissible inferences from which the jury could rationally have found that the defendant's negligent conduct was not a proximate cause of the plaintiff's injuries. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.