Milena Jovic, Appellant, 
against
Lynn Blue, Respondent, et al., Undertenants.




Jack L. Glasser, Esq., for appellant.
Patterson, Belknap, Webb & Tyler, LLP (Sam A. Yospe, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered September 17, 2015. The order granted the branch of tenant's motion, pursuant to CPLR 4404 (a), seeking to set aside a jury verdict in favor of petitioner and for judgment as a matter of law dismissing the petition, in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
In this holdover proceeding to recover possession of a rent-controlled apartment on the ground that tenant created a nuisance, tenant denied the allegations, asserting that certain of the complained-of conduct cannot constitute a nuisance and that other vague and conclusory allegations were insufficient to satisfy the elements of a nuisance claim. After trial, the jury returned a verdict in landlord's favor. The Civil Court subsequently granted the branch of tenant's motion seeking, pursuant to CPLR 4404 (a), to set aside the jury verdict and for judgment as a matter of law dismissing the petition.
The New York City Rent and Eviction Regulations state that a tenant commits or permits a nuisance when "his conduct is such as to interfere substantially with the comfort and safety of the landlord or of other tenants or occupants of the same . . . building" (NY City Rent and Eviction Regulations [9 NYCRR] § 2204.2 [a] [2]). To constitute a nuisance, a tenant must "interfere with a person's interest in the use and enjoyment of land" (Domen Holding Co. v Aranovich, 1 NY3d 117, 123 [2003]). "Not every annoyance will constitute a nuisance" (id.). Rather, "[n]uisance imports a continuous invasion of rights—a pattern of continuity or recurrence of objectionable conduct' " (id., quoting Frank v Park Summit Realty Corp., 175 [*2]AD2d 33, 35 [1991]).
To find that a jury verdict is not supported by sufficient evidence, a court must conclude that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [jurors] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). The Civil Court, in affording landlord every inference that may be properly drawn from the evidence presented (see Vaccaro v County of Suffolk, 137 AD3d 1011 [2016]), and viewing the evidence in the light most favorable to landlord, properly granted the branch of tenant's motion, pursuant to CPLR 4404 (a), seeking to set aside the jury verdict in favor of petitioner and for judgment as a matter of law dismissing the petition.
While the evidence at trial showed that tenant smoked inside her apartment, there was no house rule or provision in the lease which prohibited such conduct. There was also no evidence establishing that tenant smoked in the common areas. Under the circumstances presented, as a matter of law, tenant's smoking did not constitute a nuisance (see Ewan v Maccherone, 32 Misc 3d 12 [App Term, 1st Dept 2011]; 201 W. 89th Owners, Inc., v Mostel, 46 Misc 3d 1201[A], 2014 NY Slip Op 51756[U] [Civ Ct, NY County 2014]).
While the evidence also showed that the extensive care needs of tenant's severely disabled teenage daughter generate a "stream" of "traffic" to tenant's apartment by various caregivers, the Civil Court properly determined that this conduct did not amount to a nuisance.
Absent evidence that a tenant actually poses a "continuing threat to others," a neighbor's subjective fear is not an actionable nuisance (Pamac Realty Corp. v Bush, 101 Misc 2d 101, 103 [Civ Ct, NY County 1979]). While there was testimony of arguments between tenant and others, the isolated incidents that were established did not rise to the level of a nuisance (see Matter of James v New York City Hous. Auth., 186 AD2d 498 [1992]; Sanford Flushing Assoc. v James, NYLJ, May 21, 1997, at 29, col 6 [App Term, 2d Dept, 2d & 11th Jud Dists 1997]).
Finally, landlord's scant evidence failed to establish that tenant "continually" left trash outside of the trash receptacles.
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 04, 2017