Lee v WC Contr. Servs., Inc. (2022 NY Slip Op 05998)

Lee v WC Contr. Servs., Inc.

2022 NY Slip Op 05998

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-09352
 (Index No. 514756/17)

[*1]Nino Lee, respondent, 
v
WC Contracting Services, Inc., et al., appellants, et al., defendant.

Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for appellants.
Slater Slater Schulman LLP, Melville, NY (Christian P. Curran of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants WC Contracting Services, Inc., and Carpio Gonzalo appeal from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated November 27, 2020. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained a psychological injury that constituted a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred on February 26, 2016. The defendants WC Contracting Services, Inc., and Carpio Gonzalo (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated November 27, 2020, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained a psychological injury that constituted a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident insofar as asserted against them. The defendants appeal.
On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendants met their prima facie burden of showing that the plaintiff did not sustain a psychological injury that constituted a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; Sylvain v Maurer, 165 AD3d 1203, 1204). However, contrary to the defendants' contention, the plaintiff raised a triable issue of fact as to whether she sustained a psychological injury that constituted a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Fillette v Lundberg, 150 AD3d 1574, 1578-1579; Krivit v Pitula, 79 AD3d 1432, 1433-1434; cf. Perez v Dixon, 166 AD3d 913, 914).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained a psychological injury that constituted a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident insofar as asserted against them.
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court